JOSEPH L. REED, RESPONDENT, v. CHARLES B. GRANT
AND JOHN GRANT, APPELLANTS.

FORCIBLE ENTRY AND DETAINER, WHAT MUST BE SHOWN.—In an action of forcible
entry and detainer, the holding over the land is the foundation of the action,
and must necessarily be proved, like any other substantive fact.

APPEAL from the County Court of the County of San
Francisco.

The facts and proceedings in this case appear in the
opinion of the Court.

*Janes, Doyle & Barber,* for Appellants.

*George J. Wheelan,* for Respondents.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. HEYDENFELDT concurred.

This suit was instituted under the provisions of the 13th
section of the "Act Concerning Forcible Entries," etc., and
carried by appeal to the County Court.

On the trial of the cause in the Court below, the plaintiff
introduced the demise, and rested his case. The defendants
moved the Court for judgment of nonsuit, on the ground
that the plaintiff had not proved a holding over after the
expiration of their term, which motion was overruled, and
judgment afterwards rendered for the plaintiff.

The appellants assign as error, the refusal of the Court to
grant a nonsuit.

The section of the statute referred to, provides
that "When * any person shall hold over any lands,       [177]
etc., after the time for which they are dismissed,"
etc.; from which it will be seen that the holding over is, in
fact, the foundation of the action, and must necessarily be
proved, like any other substantive fact.

If this proof can be dispensed with, then any one may be called on to answer, in like manner, for the wrongful holding over of premises which he may at any time have been in possession of, and the *onus* rest upon him to show a surrender.

It is contended, the witness of the defendant proved this fact. Such is not the case, and the instruction of the Court predicated upon the testimony of such witness, was erroneous.

It is further contended by the respondent, that there are no exceptions properly taken, or statement of facts made in conformity with the statute. We have been unable to ascertain that such is the fact; the record contains the exceptions, purporting to be signed by the Judge, and attested by the seal of the proper Court.

Judgment reversed with costs.