## PURCELL *et als.* v. McKUNE, JUDGE, ETC.

THE Supreme Court has the right to compel inferior tribunals to proceed to hear and determine causes of which they refuse to take cognizance, and this by virtue of its appellate powers and its authority to issue process necessary to give them effect.

A rule of a District Court requiring a party, on motion for new trial, or for judgment on a special verdict, to prepare and submit a statement of the evidence at the trial, does not apply to issues submitted to a jury in a chancery cause.

But where the Judge below requires such statement in a chancery case, and the Attorney does not object, but fails to furnish it, and in consequence thereof the Court, on motion of plaintiffs for judgment on the pleadings and verdict, refuses to proceed until such statement is furnished, *mandamus* will not lie.

The Court below must take the steps by it deemed necessary or proper in the premises. It may rehear the cause on the pleadings and proofs, or, possibly, it may require the Attorney to prepare the statement.

APPLICATION to the Supreme Court for a *mandamus,* commanding the Judge of the Sixth District to hear and determine a certain cause.

Petitioners brought suit in said Court against one Christy, to restrain him from trespassing upon, and extracting gold from, plaintiff's land. On the trial, issues were submitted to, and found by, the jury. The Judge below took no notes of the evidence, having notified the Attorneys of plaintiff that he should rely on them to furnish a statement of the evidence according to a rule of Court, for which see opinion. Subsequently plaintiff, on notice to defendant, moved for judgment on the plead-

ings and verdict, declining to furnish the Court any statement of evidence. The Court refused to hear the motion until such statement was furnished, and continued the case. Plaintiff applies to the Supreme Court for a *mandamus*.

*Hereford & Long,* for Applicant.

*E. B. Crocker* and *A. S. Higgins,* for Respondent.

The question is, whether a Judge of the District Court can be compelled, by *mandamus*, to proceed in a case where the party applying refuses to obey a rule of practice established by the Court, and the Court refuses to entertain the motion until the party complies with the rule.

Each District Court has power to make rules, etc. (Wood's Dig. 151, Sec. 28.) When a Court has refused an application in consistency with its own rules, *mandamus* will not lie to compel it to act. (*Wells* v. *Starkhouse,* 2 Harrison, 355; *Hawkins* v. *Bennett,* 7 Halsted, 179; *Ex parte Coster,* 7 Cow. 523; *Allen* v. *Calhoun,* 6 Id. 32; *Regina* v. *Justices of Derbyshire,* 14 English Law and Eq. 178.) Every Court is the master of its own practice. (Broom's Legal Maxims, 119.) *Mandamus* will not lie when the effect will be to interfere with the discretionary power of a Court. (*People* v. *Turner,* 1 Cal. 143; *Fowler* v. *Pierce,* 2 Id. 165; *People* v. *Olds,* 3 Id. 167; 4 Id. 177; 10 Id. 7; 6 S. & R. 510; 8 Id. 498; 1 Wheat. 11; 7 Halsted, 174; 12 M. & W. 685.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Conceding, as we do, that this Court has, by virtue of its appellate powers and the authority given it to issue process necessary to give effect to its appellate powers, the right to compel the inferior tribunals to proceed to hear and determine causes of which they refuse to take cognizance; still, we think the facts of this case do not entitle the petitioner to his prayer.

We do not think that the rule of the District Court, requiring a party, on motion for new trial, or for judgment on a special verdict, to prepare and submit a statement of the facts at the trial, applies to a case like the one below, which was an issue submitted in a chancery cause, to a jury, to determine and return a finding on certain matters of fact. But whether the Judge below could

require this duty of the Attorney or not, it seems he requested it, and no objection was made by the Attorney, and that the Judge relied upon this statement as a means of enabling him better to pass upon the matters before him. If, in consequence of the failure of the Attorney to furnish this statement, he is unable, in the present condition of things, satisfactorily to pass upon the case, we see no mode of coercing him to do so, and as little propriety in so ordering.

The findings on issues are merely advisory to him, sitting as a Chancellor, and if the proceedings before the jury and the evidence be not within his memory, and if the counsel be unwilling or unable to furnish a statement of them, it is for the Court below to determine whether it can intelligently proceed to dispose of the cause in its present shape; or it must, on its own responsibility, take the steps deemed by it necessary or proper in the premises. It may proceed to rehear the cause upon the proofs and pleadings, or, possibly, it might require the Attorney to prepare the statement. At all events, it is very certain that we cannot interfere in the manner prayed for by the petition.

Petition denied.