## THE PEOPLE ex rel. FLAGLEY v. HUBBARD.

Mandamus does not lie to compel an inferior tribunal to act in a particular manner in a matter respecting which it is invested with discretionary power.

The action of a Justice's Court in granting or refusing a change of venue cannot be reviewed in an application for a mandamus.   By this writ the Justice may, in case of his refusal, be compelled to act, but his erroneous action cannot be thus corrected.   The remedy is by appeal.

A Justice's Court to which a case has been transferred from another similar Court may again, for cause shown, change the venue.

Flagley *v.* Hubbard.

APPEAL from the County Court of Solano County.

The facts are stated in the opinion.

*Whitman & Wells*, for Appellant.

The respondent had no authority to entertain and grant the application of defendant to change the place of trial; or, if he had such authority, the determination of the application in this case was a nullity, because the effect of it is to reverse the decision of Justice Riddell, which had become the law of the case.

It was competent for the parties, at the time the application was made in Justice Riddell's Court, to have contested the question as to the place of trial, and to have brought to the notice of the Court any objection they might have to trying the case in the Court of respondent; having failed to do so, we insist that the original order of Justice Riddell fixed the place of trial, and thus far became the law of the case. Nor, do we conceive, that the provisions of the statute, giving the Justice, to whose Court the action is transferred, full jurisdiction over the case, militates against this view. It simply provides that "The Justice to whom an action may be transferred by the provisions of this Sec. 582, shall have and exercise the same jurisdiction over the action as if it had been originally commenced before him," and gives him jurisdiction to try and determine the case as it comes to him, but not to re-try it as to any questions already passed upon; for in such case he might with propriety re-transfer the case to the Court of the Justice before whom it was originally brought. The rule established by Sec. 582 of the Practice Act is at variance with the general policy of law, in allowing the party to exercise his caprice as to the Court in which his case is to be tried, on a simple affidavit of belief; and we submit that there is no good reason why it should receive any other than a strictly literal construction. In other Courts, a party must show actual facts constituting good reasons for the change.

The question raised here is not open to correction by appeal, as we have only the right of appealing from a judgment, and the cases of *Larue* v. *Gaskins* (5 Cal. 507) and *Purcell* v.

*McKune* (14 Id. 230) are in point as to our right to this remedy. If the action of the respondent in this case be sustained, it results that a cause of this kind may be sent to every Court in the county, *seriatim*, and never be tried. The provisions of the statute are imperative, and leave only to the discretion of the Justice the fixing the place of trial. If his action in this respect has no force or effect, the determination of an action may be indefinitely postponed upon affidavits.

No one marked for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

On the twentieth day of November, 1862, Flagley commenced an action against A. Guffy and others, before G. H. Riddell, a Justice of the Peace in the County of Solano, and on application of the defendants the action was removed for trial before the defendant, Hubbard, a Justice of the Peace in the same county. At the time set for trial before the defendant, the defendants in the action again moved for a change of the place of trial, on the ground that they could not have a fair trial before the defendant. The Justice sustained the motion, and entered an order changing the trial to another Justice in the same county. The plaintiff, Flagley, then applied to the County Judge of Solano County for a writ of *mandamus*, commanding the defendant to vacate the order of removal entered by him, and to proceed to try the action. The application for the writ was afterwards heard by the County Court of Solano County, and the same was refused, and the petition for the writ dismissed. The relator, Flagley, appeals from this order to this Court, and contends that the County Court erred in refusing the writ of mandate as prayed for.

We think there is no error, and that the County Court properly refused to grant the writ. In this case the defendant, as a judicial officer, determined a question properly brought before him, and his action therein cannot be reviewed by means of a writ of mandate. This Court, in the case of *McDougal* v. *Bell* (4 Cal. 177), recognized the rule that " Courts of law have uniformly refused to allow the rule for a *mandamus* to issue, when it was to compel a person,

Flagley *v.* Hubbard.

inferior officer, Court, or corporation, to act in any particular manner, where such person, officer, Court, or corporation was invested with discretionary power."

In the present case, it was the duty of the defendant to determine the question whether the defendants, in the case before him, had a right to a removal of the cause, and having decided it, his decision is subject to review, upon appeal from the final judgment, like any other order or judgment in the case, and in this form the relator has a full and ample remedy. Had the Justice refused to decide the matter, or make any order upon the motion for removal, and refused to proceed with the case, then he might have been compelled by *mandamus* to act and determine the questions submitted to him.

The judgment is affirmed.

On petition for rehearing CROCKER, J. delivered the following opinion—COPE, C. J. and NORTON, J. concurring.

In the petition for a rehearing in this case, it is urged that the Justice had no discretion under the statute, and that it was his duty to proceed to try the case ; but no reason is given for this position. Section 582 of the Practice Act provides that " if either party make affidavit that he has reason to believe, and does believe, that he cannot have a fair and impartial trial before such Justice, by reason of the interest, prejudice, or bias of the Justice, the action shall be transferred to some other Justice of the same or neighboring township." That affidavit was made in this case before the defendant. It would seem that upon the filing of the affidavit, as required by the statute, it would be the *duty* of the Justice *not* to try the case, but to transfer it. The fact that it had already been changed once can make no difference, as the object of the law is to provide the parties with a disinterested, unprejudiced, and unbiased tribunal to adjudicate their cause. The party was not barred from applying for the second transfer because the first Justice had ordered the case for trial before the defendant. He might not then have known of the interest, prejudice, or bias of the defendant, and therefore may not have raised any objection, or if he had raised it, might not have been able to substantiate

it. He was not therefore estopped from applying for the second change.

We are referred to the case of *Larue* v. *Gaskins* (5 Cal. 507), in support of the proposition that a *mandamus* is the proper remedy. In that case the Justice refused to transfer the cause or proceed with the trial, and it was because of this *refusal to act* that the *mandamus* became the proper remedy. But where the officer does act, and either transfers the case or proceeds with the trial, the correctness of such action cannot be reviewed by this writ. The same principle is recognized in the case of *Purcell* v. *McKune* (14 Cal. 230).

The petition for a rehearing is denied.