# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* WARREN T. SEXTON.

MANDAMUS.—If an action be tried by a District Court without a jury, and counsel for the plaintiff be instructed by the Court to draw a judgment in his favor, but before the judgment was finally passed, strangers claiming to have succeeded to the title of the defendant move for a stay of proceedings and to be allowed to intervene, and the motion is allowed, this Court will not by mandamus compel the District Court to set aside the order and enter a final judgment in the case.

IDEM.—A motion for leave to intervene in an action, made at any stage of the proceedings, presents a judicial question, the decision of which cannot be reviewed or controlled by this Court by mandamus. however erroneous it may be.

THIS was an original application in this Court for a mandamus to compel the Hon. Warren T. Sexton, District Judge of the Second Judicial District, but at the time upon the bench of the District Court of the Twelfth Judicial District, for the City and County of San Francisco, to enter judgment

in an action pending before him, wherein Nicholas Smith was plaintiff and John F. Penney and J. B. Thompson were defendants.

The action of Smith against Penney and Thompson was for the recovery of land. The case had been tried without a jury, and submitted to the Court for decision on the 7th of September. On the twelfth the Court directed the plaintiff's attorney to draw a judgment in favor of the plaintiff. The plaintiff's attorney drew a judgment and submitted it to the Court on the 14th of September. On the 21st of September, no judgment having yet been formally announced, upon cause appearing by certain affidavits and the pleadings in the action, the Court, upon motion, made an order allowing Charles J. Green, R. F. Rundle, and Henry J. Irvine to intervene in the action, and contest the right of the plaintiff to recover, allowing them ten days within which to file their answers to the complaint. To this order the plaintiff excepted, and asked that a final judgment be entered in the action, which the Court denied.

*W. H. Patterson*, for the Petitioner, conceded that mandamus could not go if the question was one of judicial discretion, but argued at length to show that the motion to intervene had come too late, and that its allowance was therefore not an exercise of judicial discretion, but a violation of a positive law; citing sections six hundred and fifty-nine, six hundred and sixty, six hundred and sixty-one, and six hundred and sixty-two of the Practice Act, and the following cases: *Ex parte Baron & Lyon*, 6 Cow. 392; *Ex parte Benson*, 7 Cow. 363; *Ex parte Bailey*, 2 Cow. 479; *Ex parte Cay Kendall*, 6 Cow. 52; *The People* v. *The N. Y. Com. Pleas*, 19 Wend. 118; *Morse, Petitioner, etc.*, 18 Pick. 446; *Rhodes* v. *Craig*, 21 Cal. 423, *per* FIELD, Chief Justice; *People* v. *Lee*, 14 Cal. 510; *The People* v. *Pearson*, 1 Scam. 460; *Stafford* v. *Union Bank of Louisiana*, 17 How. 275; *Same* v. *New Orleans Canal and Banking Co.*, 17 How. 283; *The People* v. *The*

*Niagara Com. Pleas,* 12 Wend. 246; *The People* v. *The Judges of Washington Co.,* 1 Cow. 576

*Calhoun Benham,* for Respondent, contended that the case was pending and undetermined at the time the motion to intervene was made, and that the Court in deciding the motion had acted judicially, and therefore his action could not be virtually reversed by this Court by mandamus.

By the Court, Sanderson, J.:

This is not a case for mandamus. Whether Rundle, Green, and Irvine were entitled to intervene, was a judicial question. The Judge was required to decide it, and he did so. Whether he decided it correctly, is a question which cannot be made in this proceeding. Having allowed the motion to intervene, he could not thereafter enter a judgment for the plaintiff. Instead, therefore, of refusing to act, he has acted, and, having acted judicially, his action cannot be reviewed by mandamus. (*Flagley* v. *Hubbard,* 22 Cal. 34; *People* v. *Pratt,* 28 Cal. 166; *People* v. *Weston,* 28 Cal. 639.)

Mandamus denied.