THE PEOPLE *ex. rel.* BROWER AND DELANY, *v.* THE JUDGE OF WAYNE CO. COURT.

An order made by a county court, dismissing an appeal, is a judgment that may be reviewed by the circuit court, within the meaning of the 67th section of the act to consolidate the laws in relation to county courts, and for other purposes. Sess. L. 1849, p. 288.

A mandamus will be allowed to set an inferior court in motion, but not for the purpose of requiring it to come to any particular conclusion, or of retracing its steps where it has already acted; and this irrespective of the question, whether the party has or has not another remedy.

MOTION for a mandamus.

*Bishop,* for the relators.

*Goodwin,* for the respondent.

*By the court,* MUNDY, J.   From the answer of the judge of Wayne county court to the rule to show cause why a mandamus should not issue; it appears that the relators, Brower and Delany, had appealed to the county court from a judgment of a justice of the peace, rendered against them in favor of Elston, for the use of Dalrymple, and that the county court dismissed the appeal for the want of a recognizance.

Upon these facts, this court is asked for a mandamus to compel the judge of the county court to undo what he has done, to reinstate the cause in his court, to permit the relators to file an amended recognizance, and to proceed to the trial of the cause.

It is a well settled rule, already recognized in several cases in this court, that a mandamus does not lie when the party has another and an adequate remedy.   By section 67 of the act of 1849, to consolidate the laws in relation to county courts, and for other purposes, it is provided that, " in all cases of judgment rendered by such court, in any civil suit, either party thinking himself aggrieved or injured by such judgment, or by any opinion or direction of the court, may remove the cause by bill of exceptions, certiorari or writ of error, into the circuit court for the same county in which such judgment was rendered."   It

is said that an order dismissing an appeal is not a judgment within the meaning of this section.

In Massachusetts, an appeal was given by the statute from any judgment of the common pleas to the supreme court. Under this law, it has been repeatedly decided by the supreme court of that state, that any *order* of the common pleas which determined the cause in that court, was a judgment within the meaning of the law, from which an appeal lay.

In Bemis *v.* Faxon, 2 Mass. 141, it was decided that a motion granted in arrest of judgment in the common pleas, came within the statute. In Tappen *v.* Bruen, 5 Mass. 194, the writ had been issued against Matthias Bruen and James Bruen, and the common pleas dismissed the action for want of service of the process upon James. The supreme court said, " that as an appeal only lay from the final decision of the common pleas, it has been doubted, as the appeal in terms is given to the party aggrieved at the *judgment*, whether an appeal lies from an *order* of that court, finally determining the action there. If this provision is to extend only to judgments technically considered, the party would be without remedy, if he had no day in court given him by an order to arrest the judgment, or to stay all proceedings in any action, which certainly could not be the intent of the legislature."

In Wood *v.* Ross, 11 Mass 271, the court, after referring to the previous adjudications, and affirming the doctrine that an appeal lay under their statute from any order calculated to terminate the suit, such as an order to stay all proceedings, say: "otherwise the court of common pleas, by refusing to enter a regular judgment, might oust this court of its appellate jurisdiction, given for the security of the citizen."

The order of dismissal by the county court, put an end to this cause in that court; and unless such order be considered a judgment which may be reviewed upon certiorari in the circuit court, such order would, it appears to me, be final and conclusive upon the parties, and, in the language of the Massachusetts cases, the party aggrieved would be without remedy. The party, then, whose appeal has been dismissed by the county court, being provided with a remedy by the statute, I might stop here with the answer this affords to the present application. But the right of the party to a peremptory mandamus having been placed upon the ground of the inadequacy of the remedy by certiorari, and

the question having been fully argued, I think it well for this court to express its opinion upon what I consider to be the well established rule of this court in the exercise of its authority, by mandamus, over inferior judicial tribunals: and that is, that it will compel them to proceed, to act, but never direct them how to act, and this irrespective of the question whether the party has another remedy or not.

In the case of The United States *v.* Lawrence, 3 Dallas 42, it was determined by the supreme court of the United States, clearly and unanimously, after full argument, that, although they might command an inferior judge to *proceed to judgment,* yet they had no power to compel him *to decide* according to the dictates of any judgment but his own. In *Ex parte* Hoyt, 13 Peters 290, the supreme court say: "It has been repeatedly declared by this court, that it will not by mandamus direct a judge what judgment to enter in a suit, but only require him to proceed to judgment."

The same principle is laid down in Massachusetts, 10 Pickering 244; 20 *Id.* 495. The case of The People *ex rel.* Doughty, *v.* The Judges of Duchess C. P., 20 Wendell 658, is analagous to the one now before us. The common pleas had dismissed an appeal from the judgment of a justice, upon the ground of a want of jurisdiction, the affidavit and appeal bond reciting a judgment as rendered by the justice on the *eleventh* day of March, whereas the return of the justice showed a judgment rendered on the twelfth day of that month. The alternative writ required the judges of the common pleas to vacate the rule quashing the appeal, and to deny the motion to quash the appeal, or to show cause, &c. Bronson, J., delivering the opinion of the court said: "This presents an important question in relation to the appropriate office of the writ of mandamus. The court of common pleas, acting within the scope of its jurisdiction, has heard and decided a matter properly brought before it for adjudication, and the question is, whether we can by *mandamus* require that court to undo what it has done, on the ground that the decision was erroneous. I am of the opinion, that we possess no such power. I shall not stop to inquire whether the order quashing the appeal was such a final judgment upon the rights of the parties as may be reviewed by writ of error, or whether the relator has any other remedy. Commonwealth *v.* The Judges of the C. P. 3 Bin. 273. I place my opinion upon the broad ground, that the writ of mandamus cannot

be awarded for the correction of judicial errors." After referring to various authorities, English and American, the judge says: " In general, a mandamus will not be awarded where the party has another legal remedy; but the converse of the proposition does not hold true. There are many cases where, although the party has no other remedy, a mandamus will not lie."

So in Elkins *v.* Athearn, 2 Denio 191, the supreme court of New York refused to entertain a motion for a mandamus, to compel the judges of the superior court of the city of New York to vacate a rule opening a judgment to enable a defendant to plead a bankrupt discharge, though it was urged that the order interfered with vested rights. The supreme court said: " The court acted judicially in making the order, and, whether right or wrong, it is settled that judicial errors cannot be corrected by mandamus. The writ will be awarded to set an inferior court in motion, but not for the purpose of requiring the court to come to any particular decision, nor to retrace its steps when it has already acted."

Whether we consider the case before us, then, in reference to the remedy by certiorari, provided by law, or in reference to the true office of the writ of mandamus, the motion of the relators must be denied.

*Motion denied.*