WALTER BOURKE, plaintiff in error, vs. JAMES & KNEELAND, defendants in error.

A settlement of accounts between parties, is *prima facie* a settlement of *all accounts;* but, where there is evidence tending to show that a certain item was excluded in the settlement, it is a proper question for a jury to determine what was settled.

Whether a custom of merchants' sought to be established is unreasonable or otherwise, is a question of law for the Court; but user, which is the evidence of custom, is a matter for the jury, which the Court will submit or not, as it shall find the custom reasonable, and not illegal, or otherwise.

Where the fact that one of the jurors sat in a former trial of the same cause, was known to the counsel of one of the parties before the verdict was rendered, and he omitted to object until the verdict was rendered, he was held bound by the verdict.

A motion for new trial on the ground that one of the jurors had served upon a former trial of the same cause, being a question addressed to the discretion of the Court below, its denial of the motion cannot be made the ground of error in this Court.

Error to Wayne Circuit.

The defendant in error sued the plaintiff in error upon an account which included a bill of goods sold to one Nolan, on account of the plaintiff in error, and by authority of his clerk. As to the authority of the clerk to give the order in

favor of Nolan, upon which the goods were sold, the testimony was conflicting, and it was sought to establish such authority by showing the custom among merchants in that particular.

The defendants in error, prior to the suit, presented their account, including the bill sold Nolan, to the plaintiff in error for payment, but he denied his liability for the goods sold Nolan, and offered to pay the rest of the account. The account was withdrawn, and another, without the disputed items, presented, paid, and receipted by " cash in full to date." It was in testimony, that the claim for goods sold Nolan was abandoned, but that the receipt was designed to show what the parties intended. On this point the jury found against the plaintiff in error.

The cause had been three times tried before a jury. A juror was on the pannel the last time who had served on a former trial. None of the parties or their counsel knew the fact until the jury on the last trial had retired to consult on their verdict, when the fact became known. The attorney for the plaintiff in error informed the Court at once of the fact. No objection was made to the verdict on that ground, or to the juror who had before served. The plaintiff in error asked the Court to charge that the receipted account was *prima facie* evidence of an adjustment of all accounts between the parties between the dates of the first and last items, though subject to be rebutted by other evidence in the case. Also, that the custom of merchants set up by the defendants in error was unreasonable and void. The Court refused so to charge. After verdict, the plaintiff in error filed affidavits, showing that the juror aforesaid had sat on a former trial, and moved to set aside the verdict on that ground. The Court denied the motion, and upon these several rulings plaintiff sued out this writ of error.

*Wilcox & Gray*, for plaintiff in error, cited upon the first

43

error assigned: 1 Jones, R., 418 ; 14 U. S. Dig., 274, Sec. 233 ; 12 Verm., 47, 50; 19 Ohio R., 45 to 51.

Upon the last point : 13 Munroe, 213 ; 3 Scam., 416 ; 4 Bibb, 45 ; 7 Watts & Serg., 415 to 422; 3 Bibb, 347; 4 Ib., 272 ; 1 Pick., 42 ; 21 Ib., 456 ; 5 Greenl., 333 ; Ib., 215.

*L. Bishop*, for defendants in error, cited on the first point : 1 Greenl. Ev., §§ 277, 212 ; upon the second, 2 Gill., 389 ; 3 Ib., 299 ; Graham Pr., 627 ; 11 Pet., 85 ; 7 Cow., 369 ; 3 Greenl. R., 215 ; 6 Wend., 389 ; 1 Doug., 313, 314 ; 1 Pick., 38, and note ; 3 Bibb, 347 ; 4 Ib., 45 ; Ib., 272 ; 1 B. Monroe, 313 ; 21 Pick., 456, 471 ; 14 Mass., 205 ; 7 Watts & Serg., 422.

By the Court, MARTIN, J.

We find no error in the record and proceedings in this case which calls for the interposition of this Court. While, it is true, as a general proposition, that settlement of accounts between parties is, *prima facie*, a settlement of *all* accounts, yet, as there was evidence in this case tending to show that the demand for which this action is brought was expressly excluded from the settlement of the 14th of February, 1854, the Circuit Judge very properly left it to the jury to determine what was settled, and whether the facts attending the settlement showed a relinquishment of the demand in question by the defendants in error.

The Court, also, properly refused to charge, that the custom sought to be established was unreasonable. This was a pure question of law, with which the jury had nothing to do. User is the evidence of custom, and this is a matter for the jury, which the Court will submit or not, according as it shall find the custom sought to be established reasonable, and not illegal, or otherwise. Whether a general custom can establish a liability upon the part of a master for the contracts of his servant—a merchant for those of his clerk, is, to

my mind, extremely questionable; the general rule being, that, in such cases, liability depends upon direct authority, or special or individual custom. But, as this question is not presented, the Court expresses no opinion upon it.

Nor was there error in refusing to set aside the verdict, and grant a new trial upon the reason assigned. It appears that the fact, that one of the jurors had sat in a former trial, was known to the counsel for the plaintiff in error before the verdict was rendered. It became the duty of the counsel to ask the interposition of the Court, as soon as that fact was ascertained by him. By neglecting to do this, and electing to risk a verdict, the party was bound by such verdict.

This, moreover, is a question addressed to the sound discretion of the Court below, and cannot be ground of exception under our system of practice.

Judgment affirmed.

Present, MARTIN, WING, PRATT, COPELAND, JOHNSON, and BACON, J., J.

GREEN, J., did not sit in this case.

DOUGLASS, J., did not participate, having decided the cause in the Court below.