ST. CLAIR TUNNEL CO. *v.* ST. CLAIR CIRCUIT JUDGE.

Mandamus—Allowance of Amendments—Review.

The action of the circuit judge in permitting a plaintiff to amend his declaration, against defendant's objection that the amendment sets up a new and different cause of action, is not reviewable on *mandamus.* Long, C. J., and Montgomery, J., dissenting.

*Mandamus* by the St. Clair Tunnel Company to compel Samuel W. Vance, circuit judge of St. Clair county, to set aside an order permitting an amendment to a declaration. Submitted June 15, 1897. Writ denied September 23, 1897.

| | |
|---|---|
| 114 | 417 |
| 125 | 671 |
| 114 | 417 |
| s72NW | 249 |
| 132 | 438 |
| 133 | 122 |
| 133 | 699 |
| 114 | 417 |
| f136 | 49 |
| f136 | 478 |
| 114 | 417 |
| 138 | 93 |
| 138 | 280 |
| 114 | 417 |
| 146 | 440 |
| 114 | 417 |
| f151 | 127 |
| 114 | 417 |
| 157 | 36 |
| 157 | 40 |
| e157 | 41 |

*Geer & Williams,* for relator.

*Chadwick & McIlwain,* for respondent.

Moore, J. This is an application for a *mandamus* to compel the circuit judge to vacate an order permitting an amendment to be made to the declaration in the case of David Turner against the St. Clair Tunnel Company.

The first question to be considered is whether, inasmuch as the writ of *mandamus* is a discretionary one, we will review the action in this proceeding. In *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270, it is stated:

"It is a general rule that the writ will not lie where the law has provided another remedy. It is said a writ of *mandamus* issues because there is no other adequate remedy, and justice and good government require a redress of the wrong. A court will not be required by this writ to take any action when another remedy is provided. It will not take the place of an appeal or writ of error. Merrill, Mand. §§ 201, 209. To this rule an exception is made if the slowness of ordinary legal forms is likely to produce such immediate injury or mischief as ought to be prevented."

114 Mich.—27.

In that case the writ was denied.

In the case of *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 502, it was said by Justice HOOKER:

"I am also of the opinion that the relator is not entitled to the writ of *mandamus*. The question of amendment is one wholly within the discretion of the trial court. 2 How. Stat. § 7631 *et seq.; Detroit, etc.*, *R. Co.* v. *Forbes*, 30 Mich. 165; *Polhemus* v. *Ann Arbor Savings Bank*, 27 Mich. 44; *King* v. *Wayne Circuit Judge*, 41 Mich. 727. This being conceded, the determination of the circuit judge is not subject to review, except in cases of abuse of discretion, or where it results in depriving a party of a right of action, in either of which cases it has been held to be reviewable upon error. See *Pangborn* v. *Insurance Co.*, 67 Mich. 683; *Browne* v. *Moore*, 32 Mich. 254. Until recently, these questions have been raised after judgment upon error. * * * If it be said that interlocutory orders such as this may go to the entire cause of action, the answer is that, under the case of *Pangborn* v. *Insurance Co.*, *supra*, the court may review such question upon writ of error; and hence, under a familiar rule, *mandamus* cannot be resorted to, for the reason that another adequate remedy exists. Merrill, Mand. § 201, and cases cited; *Welch* v. *Hull*, 73 Mich. 47. The same may be said of questions involving abuse of discretion. They may be corrected upon writ of error, and there can seldom be occasion to interrupt the proceedings in trial courts to review interlocutory matters. It is productive of delay in the trial courts, and involves the review of a multitude of questions, a large proportion of which would be likely to be satisfactorily disposed of by the outcome of the trials. The practice is contrary to the settled precedents in England and many of the American States, and it may be doubted if the extension of proceedings by *mandamus*, so earnestly advocated by some as a speedy and cheap method of accomplishing justice, is desirable after all. The experience of the distinguished jurists and advocates to whom we are indebted for the common law is to the contrary, as evinced by the rules of the common law upon the subject."

If an example were wanted of the delays growing out of reviewing interlocutory orders in this court, it is furnished by this case, which is now in this court for the third time,

while it has been tried but once, and so much time nas elapsed that it is now said the statute of limitations has run against the cause of action stated in the amended declaration. If it was within the discretion of the circuit judge to allow the amendment to the declaration, his discretion should not be reviewed. If it was not within his discretion, because of want of power to make the order, or if his discretion was abused, as we have before seen, his action can be reviewed by writ of error.

The writ is denied.

Grant and Hooker, JJ., concurred with Moore, J.

Long, C. J. As defendant has the right to proceed with the trial of the issue properly before the court, we think a writ of error is not an adequate remedy to correct an erroneous ruling under which a change in that issue has been made. Inasmuch as a majority of the court are of the opinion that the case should not be heard on *mandamus*, the merits will not be discussed.

Montgomery, J., concurred with Long, C. J.