## The People of the State of Illinois ex rel., etc., v. William T. Church, County Judge, et al.

1. MANDAMUS—*Judicial Discretion Not Controlled by.*—The exercise of judicial judgment and discretion will not be controlled by mandamus.

2. SAME—*Change of Venue.*—Mandamus will not lie to compel a judge to grant a change of venue.

3. APPELLATE COURT JURISDICTION—*Constitutionality of Statutes.*—The Appellate Court has no jurisdiction to determine the validity or constitutionality of a statute.

**Petition for Mandamus.**—Appeal from the Circuit Court of Mercer County; the Hon. WILLIAM H. GEST, Judge presiding. Heard in this court at the April term, 1902. Dismissed. Opinion filed July 18, 1902.

CONNELL & THOMASON and BASSETT & BASSETT, attorneys for appellant.

BROCK & SCOTT, attorneys for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

The County Court of Mercer County ordered Scott S. Boden, conservator for Robert Scott, an insane person, to file a new bond as conservator by a certain date, in the penal sum of $180,000, with two or more sufficient sureties to be approved by the court. At the date named, he presented a bond executed by but one surety, and that a non-resident surety company, and its execution was by an attorney in fact. Accompanying the bond were papers tending to show authority in the attorney in fact to execute the instrument, and a certificate by the superintendent of the insurance department of the government of this state tending to show compliance by said surety company with the requirements of the act of June 8, 1897, entitled :

" An act to amend an act entitled, ' An act to enable corporations, created for that purpose, to transact a surety business in this state, and to become the surety on bonds required by law,' approved May 13, 1887, in force July 1, 1887."

Such proceedings were thereafter had in said County

Court in said matter that said court denied an application by Boden for a change of venue, refused to approve said bond, removed Boden from said office of conservator, appointed A. G. Bridgford as conservator, and denied Boden an appeal. Boden then filed a petition in the Circuit Court against the county judge for a writ of mandamus to compel him to receive and approve said bond, to grant said change of venue, to grant the appeal prayed and to fix the amount of the appeal bond, to remove Bridgford and to authorize Boden to continue to act as conservator. Bridgford was permitted to intervene and defend. The court sustained a demurrer to the petition; the relator elected to abide by his petition; the court dismissed the petition at the costs of the relator; and he prosecutes this appeal. Appellees have moved to dismiss the appeal, and that motion was taken with the case.

The bond presented did not meet the requirement of the County Court, nor did it comply with the provisions of section 3 of chapter 86 of the Revised Statutes, under which a conservator is required to give a bond, nor with the act of 1877 concerning the release of sureties of guardians. The order and the statute concerning such conservators each required two or more sufficient sureties, to be approved by the court. Only one surety was given. No proof of the sufficiency of the surety was made, except the certificate of the superintendent of the insurance department of this state showing that the surety company had filed with that officer a sworn statement alleging a compliance with the laws of this state. This certificate was by section 4 of the act in question made evidence of the solvency and credit of the company and of its sufficiency as surety. All the statute above referred to made directly available for the benefit of an obligee in a bond executed by such a company was the deposit with a state officer in some one of the states of the United States of not less than $100,000 in good securities, to be held for the benefit of its obligees. The certificate of the superintendent of the insurance department was general in its terms and only set forth that the company had filed a statement showing it possessed

the requisite amount of capital invested as required by law. This statement had been filed with said department nearly a year before this bond was presented for approval. The certificate of the superintendent of the insurance department did not show in what state said securities had been deposited. The penalty of this bond far exceeded the sum required to be so deposited. No proof was made as to the extent of the outstanding obligation of this surety company. It must have incurred many obligations after its statement was filed and this certificate was issued, and before this bond was presented, nearly a year later. If the approval of the bond was a matter of judicial discretion, no reason is perceived for holding that such discretion was unwisely or improperly exercised, or that the county judge should be compelled to exercise his judgment in any different manner; nor will the exercise of judicial judgment and discretion be controlled by mandamus. The People ex rel. v. Knickerbocker, 114 Ill. 539.

Appellant, however, claims that the county judge had no discretion, but was required by the statute in question to approve this bond. Section 2 of said act provides, among other things, that whenever a bond is required by any court it may be executed by a surety company qualified as in that act provided; and that such execution of such bond by such company shall be in all respects a full compliance with every law, rule or regulation requiring that such bond shall be executed by one or more sureties, or that such sureties shall be residents, or householders, or freeholders, or either or both, or shall possess any other qualifications. This bond appears to comply with this act, and if its provisions above summarized are valid and binding upon the courts, then it was the duty of the county judge to approve the bond, and he should be conpelled by mandamus to do so or to grant an appeal from the order refusing approval.

Appellees claim that the portions of said act here drawn in question are invalid and unconstitutional. First, it is argued that the provisions of the act which make it compulsory upon the courts to approve such a bond are not

embraced within the title of the act.    It is also to be noted, in this connection, that neither the title nor the body of the act profess to amend or repeal the prior statute, section 3, chapter 86, requiring two or more sufficient sureties upon a conservator's bond, to be approved by the court.    Second, it is argued that the determination what security shall be required upon a bond given in judicial proceedings is a judicial act; that the constitution confers exclusively upon the courts the authority to perform judicial acts; and that the legislature can not compel the courts to accept as sufficient the obligation of a non-resident surety company which has filed a prescribed statement with the insurance department of the state, and prohibit the courts from determining whether the security thus offered is sufficient to afford protection to the obligee.    The question whether the provisions of the act applicable to this bond are valid or invalid is evidently involved in this case.    Appellant's counsel argue in their opening brief that they are valid. Appellee's counsel assert they are invalid and unconstitutional.    The demurrer purported to be special, but was in fact merely general; and we think it may fairly be inferred from the whole record and the course of argument here, that the court below held that the provisions of the statute here involved were invalid.    The act creating appellate courts withholds from our jurisdiction cases involving the validity of a statute or the construction of the constitution.    The validity or invalidity of the statute is vital to the case.    If it is invalid, the bond was not only properly and necessarily disapproved (having but one surety, when both the prior order of the court and the statute relating to conservators required at least two), but must also have been disapproved on appeal, and a mandamus will not be awarded to grant an appeal which can not be effective. As to the change of venue sought to be compelled, mandamus will not lie to compel a judge to grant a change of venue.    The People ex rel. v. McRoberts, 100 Ill. 458.

For the reasons above stated the appeal is dismissed.