### KILBY MANUFACTURING CO. *v.* MENOMINEE CIRCUIT JUDGE.

MECHANICS' LIENS — SUBCONTRACTOR — LIABILITY OF CONTRACTOR AND OWNER—PLEADING—AMENDMENT.

Relator contracted to erect a factory, and subcontracted part of the work. The subcontractor brought suit to enforce a mechanics' lien, alleging performance, and that a delay had been caused by relator and waived by it. Relator denied the waiver, alleging damages by the subcontractor's delay, which were recoverable by the owner against relator, and asking that the owner be required to pay relator the balance after

,paying the subcontractor's claim as established. *Held*; that relator was not a mere stakeholder, and was properly refused permission to amend by omitting the prayer for personal judgment against the owner because there were other matters of difference between him and the owner not ready for trial.

Mandamus by the Kilby Manufacturing Company to compel John W. Stone, circuit judge of Menominee county, to permit an amendment to an answer to a bill of complaint. Submitted November 15, 1904. (Calendar No. 20,744.) Writ denied November 29, 1904. ·

*Gillett & Clark*, for relator.

*Brown & Trudell (John L. Stoddard*, of counsel), for respondent.

MONTGOMERY, J. The relator, in January, 1903, entered into a contract with the Menominee River Sugar Company, by the terms of which relator agreed to construct and equip completely a modern sugar plant, in accordance with plans and specifications given, for the price of $800,000. It was agreed that the building was to be completed ready for the making of sugar by October 1, 1903. On the 14th of March, 1903, the relator sublet a portion of the work of constructing the sugar factory to James H. Tennant, under the name of Bay City Stone Company. The factory was not completed on time. In April, 1904, the subcontractor, Tennant, filed a bill in chancery to enforce a lien for a balance of $21,682.81, claimed to be due him. This bill alleged that complainant had performed the contract between himself and relator fully, that the delay in completion was owing to relator's acts and neglect, and that the relator had waived the delay. The relator and the Menominee River Sugar Company were made defendants. Several answers were filed. The Menominee River Sugar Company denied that the contract had been completed according to its terms, either as to time or manner, but was unable to answer

whether, as between relator and complainant, the former had waived the latter's defaults. The sugar company expressly disclaimed the purpose of recouping in this proceeding the claim which it had against the relator. The answer of the relator made in the first instance denied performance by Tennant, denied the waiver averred, and alleged that damages had resulted from Tennant's failure to perform his contract; stating, however, that the damages were not believed to be as great as the sugar company claimed, but that they were such as the sugar company would be entitled to as against the Kilby Company. The answer asked affirmative relief, and that the sugar company be required to pay over to the Kilby Company the balance due after paying the Tennant claim as established.

Later an application was made by relator to amend this answer by making more specific some of the allegations and by omitting the prayer for a personal decree against the sugar company, for the reason, as stated, that the mutual rights of the Kilby Company and the sugar company were not ripe for settlement or litigation except as concerned the construction of the buildings themselves and the performance of Tennant's contract. This amendment was not permitted by the circuit judge, and the relator asks mandamus to compel the entry of an order permitting such amendment. On the hearing of the application it was admitted (as is, indeed, implied in the proposed answer itself) that there were other matters of difference between the parties defendant over and beyond those which related to the performance of the contract between the complainant and the Kilby Manufacturing Company.

The circuit judge refused the amendment on two grounds:

*First.* That while, under section 10710, 3 Comp. Laws, the sugar company might have entered into a recoupment, yet the authority to do so, given by this statute, was permissive, and that the company might elect to reserve its action against the Kilby Company.

*Second.* That, inasmuch as the record showed other matters of dispute between the parties, it would result in requiring the sugar company to split up its cause of action if it be forced to enter upon recoupment in this case, confining such recoupment to such damages only as it sustained by Tennant's default on his contract.

The relator's contention made before us is that in this controversy the relator stands in the position of a middleman, with no interest except to see that his accounts with the other two parties should be settled on the same basis. This position is, to our minds, unsound. There is no privity between Tennant and the sugar company which would entitle the latter to maintain a suit at law against the former. If it should transpire that the damages recoverable by relator in an action against Tennant correspond precisely with the damages which the sugar company suffered on that branch of its contract with the relator, such correspondence would be a mere coincidence, for the result would be reached on a different issue; i. e., Did Tennant perform his contract with the relator to the latter's acceptance ? rather than the issue, Did the relator perform his contract with the sugar company ? So far from the relator being the stakeholder here, the exact reverse is true. The sugar company occupies that position. It is, of course, open to relator to contest Tennant's claim in this proceeding.

As the conclusion which we reach is that the amended answer would not have availed to effect the attempted change of the relations of the parties, it follows that a writ of mandamus should not be granted. We do not consider the question of our jurisdiction to determine this question on application for mandamus, as to which question see *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge,* 114 Mich. 417; *Grand Rapids, etc., R. Co.* v. *Charlevoix Circuit Judge,* 133 Mich. 122.

The other Justices concurred.