LYLE *v.* CASS CIRCUIT JUDGE.

MANDAMUS—JUDICIAL DISCRETION—CHANGE OF VENUE—APPEAL AND ERROR.

The denial of a motion for change of venue on the ground of local prejudice will not be reviewed and the change of venue compelled on mandamus, since a case involving an abuse of discretion is reviewable on writ of error.

Mandamus by Frank W. Lyle and Ira B. Gage to compel L. Burget Des Voignes, circuit judge of Cass county,

to grant a change of venue. Submitted February 16, 1909. (Calendar No. 23,232.) Writ denied May 26, 1909.

*James H. Kinnane, Dallas Boudeman*, and *J. E. Kinnane*, for relators.

*Thomas J. Bresnahan* and *M. L. Howell*, for respondent.

HOOKER, J. The relators were charged with conspiracy under an information duly filed. They moved for a change of venue upon the ground of local prejudice, which was denied, and they now ask us to compel the circuit judge to vacate his order and make another, *i. e.*, one granting the motion. Were it competent for us to review his conclusion upon the merits, I should reach a different conclusion from his, but I think that it is not.

A cardinal principle in mandamus is that judicial action will not be reviewed. We may compel a judicial officer to proceed, hear, and decide; but we can neither dictate his determination in advance nor review it after it is made. We held in *People* v. *Wayne Circuit Judge*, 1 Mich. 359, that:

"A mandamus will be allowed to set an inferior court in motion, but not for the purpose of requiring it to come to any particular conclusion, or of retracing its steps where it has already acted, and this irrespective of the question whether the party has or has not another remedy."

In *U. S.* v. *Lawrence*, 3 Dall. (U. S.) 42, it was unanimously held that:

" Although they might command an inferior judge to proceed to judgment, yet they had no power to compel him to decide according to the dictates of any judgment but his own."

And in *Ex parte Hoyt*, 13 Pet. (U. S.) 290, that:

"It has been repeatedly declared by this court that it will not, by mandamus, direct a judge what judgment to

enter in a suit, but only will require him to proceed to render judgment."

In the case of *People* v. *Dutchess Judges,* 20 Wend. (N. Y.) 658, Bronson, J., said:

"This presents an important question in relation to the appropriate office of the writ of mandamus. The court of common pleas, acting within the scope of its jurisdiction, has heard and decided a matter properly brought before it for adjudication, and the question is whether we can, by mandamus, require that court to undo what it has done, on the ground that the decision was erroneous. I am of opinion that we possess no such power. I shall not stop to inquire whether the order quashing the appeal was such a final judgment upon the rights of the parties as may be reviewed by writ of error, nor whether the relator has any other remedy. *Commonwealth* v. *Judges of the C. P.,* 3 Bin. (Pa.) 273. I place my opinion upon the broad ground that the writ of mandamus cannot be awarded for the correction of judicial errors. This court, in the exercise of its supervisory power over inferior tribunals, can require them, by mandamus, to proceed to judgment; but we cannot dictate what particular judgment they shall render. Much less can we require them to retrace their steps and reverse a decision already made. Although ministerial officers and corporations may be required by this writ to act in a particular manner, or even to reverse what they have already done, the rule is otherwise in relation to courts of justice and other bodies acting judicially, upon matters within their cognizance. Their errors, if corrected at all, must be reached by some other process than the writ of mandamus."

See, also, *People, ex rel. Parker,* v. *Calhoun Circuit Judge,* 24 Mich. 408; *People, ex rel. Wells,* v. *St. Joseph Circuit Judge,* 39 Mich. 21; *George N. Fletcher & Sons* v. *Alpena Circuit Judge,* 136 Mich. 511 (99 N. W. 748). Many other cases might be cited.

The circuit judge did not refuse to hear and decide the motion. He passed on this question judicially. It was a discretionary question to be tried on affidavits, and such will not ordinarily be reviewed. *Johr* v. *People,* 26 Mich. 427, and cases cited in note 1. In *Greeley* v. *Stilson,* 27 Mich. 153, 154, we applied this rule to a motion

for change of venue, holding that, being discretionary, the decision was not reviewable. The doctrine that a judge's discretion is not reviewable in any manner is an ancient and well-established rule. *Mayor, etc., of Detroit* v. *Jackson,* 1 Doug. (Mich.) 106. It was stated in *People* v. *Wayne Circuit Judge,* 1 Mich. 359, and reiterated in *Dibble* v. *Rogers,* 2 Mich. 405. *Bourke* v. *James,* 4 Mich. 336; *Crippen* v. *People,* 8 Mich. 117; *Cuddy* v. *Major,* 12 Mich. 368; *Van Renselaer* v. *Whiting,* 12 Mich. 449; *Pennsylvania Mining Co.* v. *Brady,* 14 Mich. 260; *Final* v. *Backus,* 18 Mich. 218; *People* v. *Wayne Circuit Judge,* 20 Mich. 220; *Davis* v. *Bush,* 28 Mich. 432; *Polhemus* v. *Savings Bank,* 27 Mich. 44. In the latter case we went so far as to say that a decision of such a question would not be reviewed, although the ground of refusal was the mistaken one of lack of power.

Now, if it be said that these cases mean only that discretionary action cannot be reviewed by writ of error, a limitation which the cases do not warrant, we cite the following cases which hold that mandamus will not lie: *People* v. *Wayne Circuit Judge, supra*; *People, ex rel. Parker,* v. *Calhoun Circuit Judge, supra; People, ex rel. Wells,* v. *St. Joseph Circuit Judge, supra; St. Clair Tunnel Co.* v. *St. Clair Circuit Judge,* 114 Mich. 417 (72 N. W. 249). If there has been any modification of this rule, it has been based upon the claims:

(1) That the ground upon which the judicial decision sought to be reviewed was based is clearly shown to have been an error of law.

(2) That the judge whose determination of facts is sought to be reviewed has been guilty of an abuse of discretion.

That in mandamus cases there has been a tendency to ask relief on both of these grounds is probably true. Perhaps some writs have issued. We have cited *Polhemus* v. *Savings Bank,* 27 Mich. 44, as a case holding that such an order would not be reviewed, although the decision below was the erroneous belief of a lack of power. Mr. Justice GRAVES said:

" The objections which seem to be chiefly relied on relate to and grow out of the action of the court upon an application by the plaintiff in error for leave to amend by putting in an affidavit denying the execution of the note.

" The return to the writ of error embraces a bill of exceptions, and we also find included this motion, the affidavits and exhibits connected with it, and the decision of the court in denying it.    These proceedings are also embodied in the bill of exceptions.    The motion appears to have been made some four months after the plea, and to have been decided about six weeks after it was made.    In passing upon it the court declared that it had no power to grant it, and therefore refused it without considering the merits, and the plaintiff in error excepted.

" We think the court misapprehended the meaning of the rule in supposing a lack of power to grant or refuse the motion according to its view of the real merits of the application.    The rule as framed was intended to leave a discretionary authority to be exercised as the justice of particular cases should require, so that parties could be let in after pleading, upon good cause.    The motion, then, was really an appeal to the discretionary power of the court below, and might have been granted or denied upon the merits in the exercise of that power.    If the court had acted upon that view, if it had denied the motion upon the merits, instead of doing so upon the ground that it lacked power to grant it, then according to the established course in this State and that generally prevailing elsewhere, the ruling could not have been reviewed upon writ of error. Can the ground on which the court placed the denial of the motion be so separated from the denial itself as to present a case entitled to review on writ of error when otherwise none would exist?

" We think not.    In the first place, it may be observed that, if the motion itself and the decision made upon it are regularly before us as constituents of the record, the affidavits and exhibits connected with it are necessarily before us also; and we are therefore in a situation to ascertain what it would be our duty to ascertain, whether the court in denying the motion upon the mistaken ground of a lack of power in the abstract to grant it, committed a fault which in legal contemplation was prejudicial to the plaintiff in error.    Now these papers cannot be read without seeing that the fate of the motion must have been just the same if the court had de-

cided on the merits. The plaintiff in error was consequently not prejudiced by the erroneous reason given for the denial of his motion. But we think the ruling upon the motion on whatever ground placed is not one properly open to review upon writ of error.

" The rules devised for judicial investigations are undoubtedly aimed to promote the ends of justice, but they are necessarily subject to those infirmities which beset all human regulations. They cannot be so nicely contrived or so multiplied as to meet all necessities or to operate always according to the exact purpose of their institution. A perfect system would supply a definite and unmistakable rule in advance, applicable to every contingency, and would leave nothing to discretionary action; but every day's experience teaches that such degree of perfection is unattainable. We know that the litigation carried on in courts involves a class of questions not amenable to any unbending preordained rule, and that many, if not most, of these questions, could not be specifically or definitely provided for beforehand by absolute regulations without making our system so cumbrous and complicated as to be incapable of being carried out. These matters must therefore be settled, as they arise, by the tribunal in which they occur, according to the dictates of sound judicial discretion. The law, upon grounds of public policy and general utility, commonly allows a re-examination of such matters in some form and at some stage in the same tribunal, but on the same grounds generally disallows a revision elsewhere. The welfare of society requires, of course, that there should be given reasonable opportunity for the hearing and decision of questions; but it likewise requires that limits should be set to litigation, and of this the law has taken clear notice in one of its settled maxims, and in many other ways.

" It has also taken notice that there are questions which cannot be made the subject of review in an appellate court without derogating from the independence and authority due to the tribunal where they arise; and others still, which from their nature cannot be intelligently and safely re-examined except in the court where they originate.

" But, in addition to these, there has always been a mass of practice questions which the law, upon grounds of general utility and practical necessity, has considered as not properly appealable to another tribunal. It has been wisely deemed that permission to litigants to carry

cases up for review upon each and every of the points
ruled in matters of practice and routine would well-nigh
make litigation endless, and, instead of favoring justice,
would promote injustice.   Passing from these general and
somewhat trite observations to the actual case before us,
we observe that the true subject of complaint by the
plaintiff in error on this record is the final result of his
motion and not the peculiar view of the court which led
to it.   *McClung* v. *Silliman*, 6 Wheat. (U. S.) 598;
*United States* v. *Buford*, 3 Pet. (U. S.) 12; *Davis* v.
*Packard*, 6 Pet. (U. S.) 41; *Corning* v. *Troy Iron &*
*Nail Factory*, 15 How. (U. S.) 451; *Sturgis* v. *Clough*,
1 Wall. (U. S.) 269.

"If the motion had been granted in disregard of the
merits on the mistaken supposition that some rule impera-
tively required it to be granted on being asked for, no one
would imagine that the erroneous reason could be distin-
guished from the actual determination so as to serve as a
distinct ground of error for the plaintiff in error, and, if
a wrong reason for a favorable decision could not be thus
separated and distinguished from the actual result, it is
not perceived how a wrong reason for an unfavorable one
can be.

"The objection, then, must be considered as founded
on the refusal of the motion, and not on the motive which
led to that refusal, and considered in that light it seems
manifest, according to the uniform course of decision,
that the proceeding was one belonging to the practice and
discretionary authority of the court below, not regularly
re-examinable on writ of error, and certainly not when
not shown to have been decided in clear opposition to the
merits.   *Mayor, etc., of Detroit* v. *Jackson*, 1 Doug.
(Mich.) 106; *Millerd* v. *Reeves*, 1 Mich. 107; *Lee* v.
*Hardgrave*, 3 Mich. 77; *Bourke* v. *James*, 4 Mich. 336;
*Holbrook* v. *Cook*, 5 Mich. 225; *Chaffee* v. *Soldan*, 5
Mich. 242; *Crippen* v. *People*, 8 Mich. 117; *Tefft* v.
*McNoah*, 9 Mich. 201; *Ripley* v. *Davis*, 15 Mich. 75;
*Pearsons* v. *Eaton*, 18 Mich. 79; *Final* v. *Backus*, 18
Mich. 218; 2 Abbott's U. S. Practice, p. 230, and notes.

"If the granting or refusing of an interlocutory motion
can be so worked into the record as to authorize error to
be assigned on it, by a mere statement in the decision like
that made by the court below in this instance, then the
common-law composition of the record and the generally
admitted scope of a writ of error can be entirely changed

by what in time will become a mere form, and the whole swarm of rulings upon pure practice questions and on points rightly and strictly depending on mere judicial discretion will be brought here for review; but we are satisfied that no such jurisdiction is conferred or ought to be."

See, also, *Browne* v. *Moore*, 32 Mich. 254, and *Chicago, etc., R. Co.* v. *Edson*, 41 Mich. 673 (3 N. W. 176), which followed the *Polhemus Case.* This question was discussed, in the writer's opinion, in the case of *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 502 (63 N. W. 506). It is true that his associates found it unnecessary to pass upon the question, and it was left undecided, but it was approved and followed in the case of *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417 (72 N. W. 249). This case has been followed many times, as will be seen by consulting the Citator. That a motion for a change of venue invokes discretionary judicial action admits of no doubt. For convenience we incorporate some citations found in Cyc. showing the prevalence of the doctrine that mandamus will not lie to such orders for that reason. *People* v. *Hubbard*, 22 Cal. 34; *People* v. *Church*, 103 Ill. App. 132; *Galbraith* v. *Williams*, 106 Ky. 431 (50 S. W. 686); *State* v. *McKee*, 150 Mo. 233 (51 S. W. 421); *State* v. *Wilson*, 12 Ohio Cir. Ct. R. 636; *Newlin's Petition*, 123 Pa. 541 (16 Atl. 737); *Town of Danville* v. *Blackwell*, 80 Va. 38; *Greeley* v. *Stilson*, 27 Mich. 153. See, also, *Detroit Tug & Wrecking Co.* v. *Wayne Circuit Judge*, 75 Mich. 371 (42 N. W. 968); *Cofrode* v. *Wayne Circuit Judge*, 79 Mich. 349 (44 N. W. 623, 7 L. R. A. 511). In the opinion cited (*Pratt* v. *Montcalm Circuit Judge, supra*) we said that a discretionary order was only reviewable upon error if at all. See *Pangborn* v. *Insurance Co.*, 67 Mich. 683 (35 N. W. 814).

Another rule equally well established is that mandamus will not lie where there is a remedy by appeal or writ of error, and that it would not lie to a motion for change of venue. A long list of cases arising upon such applications will be found in 26 Cyc. p. 203, note 65. Numerous

cases in Michigan support the underlying rule. See *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270 (70 N. W. 582), where a lack of uniformity was recognized and the rule settled, and the case of *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge,* 114 Mich. 417 (72 N. W. 249), where we say:

"If it was within the discretion of the circuit judge to allow the amendment to the declaration, his discretion should not be reviewed. If it was not within his discretion, because of want of power to make the order, or if his discretion was abused, as we have before seen, his action can be reviewed by writ of error."

If it be true that a discretionary order should be reviewed upon one or both of the grounds first mentioned, it does not require a writ of mandamus to accomplish it, for no one can doubt that the court might as readily reverse discretionary action appearing in the record on error as by mandamus. Those cases which say that such orders cannot be reviewed on error are not aimed at the propriety of the method taken for review, but at the question "whether they can be reviewed in any way." We held that interlocutory matters might be brought into the record by bill of exceptions in the case of *Jones* v. *Wayne Circuit Judge,* 141 Mich. 408 (104 N. W. 692). Many such orders have been so considered, and among them some relating to change of venue. *Campau* v. *Dewey,* 9 Mich. 381; *People* v. *Peterson,* 93 Mich. 27 (52 N. W. 1039); *People* v. *Fuhrmann,* 103 Mich. 593 (61 N. W. 865); *People* v. *Swartz,* 118 Mich. 292 (76 N. W. 491); *Shannon* v. *Smith,* 31 Mich. 451. In *Hosford* v. *Gratiot Circuit Judge,* 129 Mich. 302 (88 N. W. 627), we refused to review a denial of a clear right in a criminal case, saying:

"The court was certainly in error under the case above cited, and should have granted the motion. This, however, is not the proper proceeding to raise the question. We have steadily refused to entertain motions to review interlocutory orders of courts in both civil and criminal cases, and cannot make this an exception."

The case of *Steel* v. *Clinton Circuit Judge*, 133 Mich. 695 (95 N. W. 993), is another case arising upon an inter- locutory order, where many authorities are cited. See, also, *Roberts* v. *Lenawee Circuit Judge*, 140 Mich. 115 (103 N. W. 512); *Chatfield* v. *Lenawee Circuit Judge*, 140 Mich. 637 (104. N. W. 45). In *Geddis* v. *Wayne Circuit Judge*, 151 Mich. 123 (114 N. W. 874), we again said:

"Whether it is such an abuse of discretion as would be ground for a reversal of a possible judgment, on error, we need not determine, as the case is not here on error, but mandamus. If there has ever been an instance where we have compelled a circuit judge to grant a motion for continuance or any other kindred motion, on mandamus, it has not been brought to our attention. Such a practice would be at variance with a long line of cases, in which we have denied relief on the ground that a writ of error or some other adequate remedy existed. It is no new thing to review the denial of motions to continue after judgment upon writ of error or otherwise. * * * It is the settled rule that we will not review an interlocutory motion on mandamus when the court does not refuse to proceed with the case, if there is another adequate remedy, although it may be resorted to sometimes if it does so refuse."

Many authorities are cited.

It does not follow from the denial of this motion that the defendants may not have a fair trial and even be acquitted. See *People* v. *Swartz, supra.*

The writ should be denied.

MOORE, J., concurred with HOOKER, J.

OSTRANDER, MCALVAY, and BROOKE, JJ. We concur in the result reached by Justice HOOKER, but do not desire to be understood that in no case can there be a review of action involving an abuse of discretion; such question being reviewable on error.