HOOPER v. WAYNE CIRCUIT JUDGE.

MANDAMUS—PHYSICAL EXAMINATION IN NEGLIGENCE CASE.

For the reason that an order of the circuit court in a personal injury case requiring plaintiff to submit to a physical examination before the trial, involves an exercise of discretion that may be reviewed on error, mandamus to set aside such order will be denied.

Mandamus by Archibald H. Hooper against Patrick J. M. Hally, one of the circuit judges of the county of Wayne, to compel respondent to vacate an order in a personal injury case requiring relator to submit to an examination. Submitted April 23, 1913. (Calendar No. 25,594.) Writ denied May 28, 1913.

*Louis H. Wolfe (Maxwell W. Benjamin, of counsel)*, for relator.

*Corliss, Leete & Joslyn (Thomas T. Leete, Jr., of* counsel), for respondent.

KUHN, J. Relator seeks by mandamus to compel the respondent to set aside an order made, requiring him to submit to a medical examination before trial in a cause pending in the circuit court for the county of Wayne, in which he is plaintiff and the Detroit United Railway, a Michigan corporation, the Western Union Telegraph Company, a foreign corporation, and the Studebaker Company, a foreign corporation, are defendants, and in which he is seeking to recover damages for personal injuries claimed to have been caused through the negligence of the defendants.

Assuming that the court has the authority to make the order in question, which we will not determine at this time, it certainly is a matter which involves the discretion of the trial court, and, under the ruling of

this court in *Lyle* v. *Cass Circuit Judge,* 157 Mich. 33 (121 N. W. 306), such discretion will not be reviewed by mandamus, as the question can be raised after judgment by appeal or writ of error.

Writ denied.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.