GLINNAN *v.* JUDGE OF THE RECORDER'S COURT OF THE CITY OF DETROIT.

1. AFFIDAVITS—CHANGE OF VENUE—MOTIONS—PRACTICE—NOTICE.
   Upon filing a motion for change of venue in a criminal case, the prosecuting attorney is required to serve copies of affidavits supporting the motion upon the accused or his attorney, as well in cases in the recorder's court of the city of Detroit as in the circuit court. Subdivision *b* of Circuit Court Rule 19 applies to practice in the recorder's court in such cases.

2. SAME—TITLE—CRIMINAL LAW—PRACTICE.
   Affidavits employed in a criminal case as a basis for a motion for change of venue should be entitled in the court and cause. Circuit Court Rule 37 *b*.
   OSTRANDER, J., dissenting.

Mandamus by Thomas E. Glinnan against James Phelan, one of the judges of the recorder's court of the city of Detroit, to require the respondent to vacate an order changing the venue of a criminal proceeding. Submitted June 16, 1914. (Calendar No. 26,237.) Writ granted June 30, 1914.

*James McNamara, J. Shurly Kennary,* and *John P. Scallen,* for relator.

*Allan H. Frazer,* Prosecuting Attorney, for respondent.

BROOKE, J.  This is an application for a writ of mandamus requiring the respondent to set aside an order dated March 16, 1914, changing the venue for the trial of relator from the city of Detroit to Monroe county.

This is the second order for a change of venue made by the respondent in this case.  The first was brought to this court for review on writ of mandamus and will be found reported in 173 Mich., at page 674 (140 N. W. 87).  Following that action by this court, the respondent called the case for trial on July 10, 1913. A challenge to the array was interposed on behalf of relator and was sustained upon grounds requiring no discussion in the present proceeding.  Thereafter, and on September 5, 1913, the board of jury commissioners filed with the clerk of the recorder's court a new list of 600 names for jury service.  On September 9, 1913, respondent directed that this list be stricken from the files and withdrawn, and that a list of 400 qualified persons, to serve as jurors during the balance of the year, be filed by the board of jury commissioners.  On September 17th the names of 400 persons were deposited in the jury box by the clerk.  On October 8, 1913, the case of *People* v. *Thomas E. Glinnan* was again called for trial, and again relator interposed a challenge to the array upon several grounds, which challenge was overruled.  Sessions of the court were held intermittently from the last-named date to December 17, 1913, when the array was exhausted.  In the meantime 200 names had been added at the court's direction.  On December 8, 1913, the prosecuting attorney made a motion for an adjourn-

ment to the 22d day of December for the purpose of preparing a motion for a change of venue. This time was extended to January 5, 1914, on which date a motion to change the venue was filed. On the 26th day of January, 1914, relator filed his answer, and on March 16th an order was entered by respondent changing the venue to Monroe county. On April 1, 1914, a motion was made by the relator to vacate the order changing the venue, based upon seven different grounds, which it is unnecessary to herein enumerate. Respondent denied the motion upon the same day, and this proceeding requires a review of respondent's action in the making of said order changing the venue and his refusal to set the same aside upon motion.

After the denial of the motion to vacate, Mr. Hugh Shepherd, who had been up to that time prosecuting attorney for the county of Wayne, and under whose direction all of the proceedings against relator had been taken, resigned from his office, and Mr. Allan H. Frazer was appointed as his successor. Immediately after the appointment of Mr. Frazer, he made a motion to vacate the order made by respondent changing the venue to Monroe county and withdrawing from the records and proceedings by himself of the motion for a change of venue. This motion was denied by the respondent upon the ground that this court had already issued an order to show cause which he had answered, and that it was his belief that the matter should await action by this court. Therefore, as the matter comes to us at this time, we have a rather anomalous situation; the relator, Glinnan, asks that his case be tried in the city of Detroit, and the prosecuting attorney joins in the request.

The constitutional questions raised by the relator upon his challenge to the array and incorporated in his motion to vacate the order changing the venue have, in our opinion, no proper place in this proceeding.

The record discloses the following facts: Of the 600 names returned by the jury commission, 228 were examined in the effort to obtain a jury. Of the number examined, 180 were challenged by the prosecution and 16 by the respondent, while 18 were excused by the court without challenge. Without going into an extended résumé of the proceedings, it is sufficient to say that in our opinion the record clearly discloses the fact that no attempt was in good faith made by the prosecuting attorney to secure a jury. It is in our opinion entirely apparent that his efforts were devoted to the contrary end.

When the motion to change the venue was made, the prosecutor filed therewith 807 affidavits of citizens of Detroit, who said that in their opinions a fair and impartial jury could not be secured for the trial of the relator in the city of Detroit. These affidavits were not entitled in the court and cause, nor were they served upon relator or his counsel. Relator's counsel thereupon moved that they be stricken from the files for the reasons stated. This motion was denied by the respondent, who said:

"I think the recorder's court has a right, under the statute creating the recorder's court, to make rules for the proper conduct of its own business. They are not bound by the rules that may prevail in the circuit court."

Respondent is clearly wrong in the position taken. 1 Comp. Laws, § 599 (being section 31 of the act creating the recorder's court), is as follows:

"In all prosecutions for crimes, misdemeanors, and offenses arising under the laws of this State, said recorder's court shall be governed in the same manner as the circuit courts of the State are," etc.

Section 5 of article 6 of the Constitution of 1850, in force at the time the recorder's court was created, confers upon the Supreme Court power to "establish, modify, and amend the practice by general rules in

the circuit court in this State." Subdivision "b" of Circuit Court Rule 19 provides:

"Notice of the argument of motions and petitions (except motions for continuance and motions to strike causes from calendar), together with a copy thereof and of the affidavits on which they are based, shall be served on the opposite attorney."

That this rule covers the practice in the recorder's court of the city of Detroit there can be no doubt. See *Wyandotte Rolling Mills Co.* v. *Robinson,* 34 Mich. 428; *Nichols* v. *Judge of Superior Court,* 130 Mich. 187 (89 N. W. 691).

In his return to the order to show cause, the respondent says:

"Answering paragraph 20 of the petition of said relator, this respondent denies that the 807 affidavits secured by the prosecuting attorney and referred to in said paragraph 20 were a part or in support of his motion for a change of venue, but avers that said 807 affidavits were obtained by said prosecuting attorney for the purposes of satisfying himself and having a more substantial ground for his belief and allegation that a fair and impartial jury for the trial of said cause could not be obtained within the county of Wayne, as set forth by said prosecuting attorney in his said petition for a change of venue; that said 807 affidavits were placed in the hands of the clerk of the recorder's court of the city of Detroit for the purpose of affording counsel for this relator convenient access and reference thereto."

In making this order changing the venue to the county of Monroe, the respondent said:

"The petition of the prosecutor is supported by the affidavits of 807 citizens residing in all parts of this city and claiming to represent many and varied occupations and walks in life. These affidavits are to the effect that the affiants, from reading and discussion of the so-called aldermanic cases, have fixed and firm opinions as to the guilt of the accused aldermen, and that, after talking with many other citizens of De-

troit, it is their opinion that it is an impossibility to secure a fair and impartial trial for the respondents in these cases in this county."

We think it is entirely apparent that the affidavits in question constituted a very important, if not a controlling, factor in the determination of the issue presented. It is equally clear that they should have been entitled in the court and cause (Circuit Court Rule 37) and served on the opposite attorney as required by Rule 19, *supra*.

The writ will issue.

McALVAY, C. J., and STONE, BIRD, MOORE, and STEERE, JJ., concurred with BROOKE, J.

OSTRANDER, J. (*dissenting*). It is said that the recorder, in an opinion delivered at the time he determined the motion for an order changing the venue, made the statement ascribed to him in the last quotation set out in the opinion of Mr. Justice BROOKE. The opinion does not appear in the printed record and is made a part of the record in this court by way of a fugitive paper purporting to be a copy of the opinion of the recorder, certified by the clerk of the recorder's court. Aside from the propriety of thus augmenting the record—the petition, the order to show cause, and the answer of the recorder—and treating the copy of the opinion as a part of the record, it is obvious, when the whole record is considered, that the motion of the prosecuting attorney for a change of venue was not based upon the 807 affidavits referred to in the opinion of Mr. Justice BROOKE. On the contrary, such use of them was expressly disclaimed just as it is disclaimed in the answer of the respondent, a portion of which answer appears in the opinion of Mr. Justice BROOKE. It also appears, by the record, that the said 807 affidavits having been filed by the prosecuting attorney, and an order requiring him to serve copies thereof on the relator having been refused, time

was asked for and was given to relator to examine the affidavits and to make such opposed showing as he desired. He did on the adjourned day produce and read affidavits of various citizens in opposition to the motion for change of venue. The recorder, who made the order changing the venue, had presided in court during the period occupied in the attempt to secure a jury. He had the information derived from the examination of those drawn and presented as jurors. The court was confronted with the necessity of drawing another panel of jurors. Under such circumstances, the order changing the venue was made, and relator was not surprised, misled, or denied a hearing upon the merits of the motion. He was informed that the 807 affidavits were not tendered in formal support of the motion; that they were, however, subject to his inspection; and he was granted a delay of one week. The motion otherwise appealed to the discretion of the recorder. Discretion was exercised in favor of a change of venue. The order should not be set aside, and the discretion exercised should not be held to have been abused simply because copies of these affidavits were not formally served upon relator.

The opinion in *Glinnan* v. *Judge of the Recorder's Court*. 173 Mich. 674 (140 N. W. 87), overruled neither *People* v. *Peterson*, 93 Mich. 27 (52 N. W. 1039); *People* v. *Fuhrmann*, 103 Mich. 593 (61 N. W. 865), nor *Lyle* v. *Cass Circuit Judge*, 157 Mich. 33 (121 N. W. 306). In the decision of those cases is still to be found the law of the State upon the subject involved in this proceeding. I am not in favor of now overruling them.

It is urged by relator that no legal jury can in any event be obtained in Wayne county, first, because the act creating the jury commission is unconstitutional, having no proper title, and because there has been no proper apportionment under the act for the purpose

of dividing the city and county into districts to be assigned respectively to the members of the jury commission. In the view I take of the matter, these questions are not necessarily presented for decision.

An order changing the venue has been made and ought to be affirmed.

KUHN, J., did not sit.