## Thomas Cuddy and another v. John S. Major and others.

*Damages against vendor for refusal to complete sale.* — Plaintiffs bought hogs of defendants, paying ten dollars down, and were to pay the balance on delivery. Defendants refused to deliver, and plaintiffs sued. The market value of the hogs, at the time of the refusal, was no more than plaintiffs were to pay. Plaintiffs on the trial claimed to recover a loss which they had sustained by reason of not having the hogs to ship with others then on hand, upon cars hired by them for the purpose after the purchase was made; but it was held that, as the contract of sale was not made with reference to any such extraordinary liability, the plaintiffs could only recover the ten dollars paid and interest thereon.

To create such extraordinary liability, there must, in every case, be something in the terms of the contract, read in the light of surrounding circumstances, which shows an intention on the part of the vendor to assume an enlarged engagement, a wider responsibility than is assumed by the vendor in ordinary contracts for the sale and delivery of merchandise. Clark v. Moore, 3 Mich. 55.

*New trial refused: error can not be assigned* — Error can not be assigned on the refusal of the Circuit Court to grant a motion for a new trial. Bourke v. James, 4 Mich. 336.

: *Heard May 3d.   Decided May 17th.*

Error to St. Joseph Circuit.

The action was brought for a refusal to deliver thirty-three hogs, bought by defendants in error of plaintiffs in error, and to be delivered at Three Rivers. Ten dollars of the price was paid down, and the balance was to be paid on delivery. The evidence showed that the price that was to be paid for the hogs was $3 per hundred, live weight, and that this was the market value at the time of the refusal to deliver. The plaintiffs below were then allowed, notwithstanding the objection of defendants, to give evidence tending to show that after the purchase and before the time for delivery, they had contracted for three cars to take hogs to New York; that they had an insufficient number to fill them, and that by reason of the failure of defendants (below) to deliver, they were obliged to send the cars on without being filled, paying therefor the same freight as if they had been full.

The Circuit Judge charged the jury, among other things, that in the absence of evidence, the jury can not presume that the defendants contemplated a wider responsibility than is assumed by vendors in ordinary contracts for the sale of property; namely, the difference between the contract price and the market value of the hogs on the day of delivery, at Three Rivers. Also that the plaintiffs could not recover for the use of the cars, unless the defendants, at the time they made the contract, had notice that the plaintiffs bought them to ship to New York, and for the purpose of filling their cars.

The jury rendered a verdict for plaintiffs of $89.

*P. Eaton, Riley & Shipman,* and *G. V. N. Lothrop,* for plaintiffs in error, referred to 1 *Denio,* 602; *Ibid.* 317 *and* 606; *Clark v. Moore,* 3 *Mich.* 55.

*W. Allison, G. H. Mason,* and *E. Y. Swift* for defendants in error, cited 5 *Wend.* 535; 4 *Barb.* 261; 6 *Barb.* 423; 11 *East,* 232; 12 *East,* 494; 8 *Barb.* 424; 3 *Mich.* 55; *Sedg. on Dams.* 59, 273.

MANNING J.:

This case comes within the decision of this Court in *Clark v. Moore,* 3 *Mich.* 55, where the Court say, in regard to the recovery of special damages for the breach of a contract of sale for the delivery of goods, that "to create such extraordinary liability, there must, in every case, be something in the terms of the contract, read in the light of surrounding circumstances, which shows an intention on the part of the vendor to assume an enlarged engagement, a wider responsibility than is assumed by the vendor in ordinary contracts for the sale and delivery of merchandise." The evidence shows that the cars by which the vendees intended to send the hogs to New York, had not been hired of the railroad company when the contract was made for the hogs, so that there is not the shadow of a pretext for saying the parties could have had in contemplation damages the vendees might sustain by reason of not having the hogs agreed to be sold to complete the loading of such cars. We see nothing objectionable in the charge of the Court. The charge was well enough. The error on the part of the Court consisted in admitting the evidence on which the jury acted in assessing damages, after it had been objected to by defendants. On this ground the judgment must be reversed. The verdict is so clearly contrary to both the charge and the evidence, that the Court should have set it aside and granted a new trial. But we have nothing to do with that. The motion for a new trial forms no part of the bill of exceptions, strictly speaking, and error can not therefore be assigned upon it. The jury assessed the damages at

$89. All they should have assessed them at was the $10 paid on the making of the contract, with interest, as hogs were worth no more in the market on the day they were to be delivered than the price agreed to be. paid by the contract.

Judgment reversed, with costs, and new trial ordered.

The other Justices concurred.