## Pennsylvania Mining Co. v. Samuel P. Brady and others.

*Contract, discharge of.* Defendants being indebted to the plaintiffs for goods sold and delivered, had given their acceptances for the same, and failed to pay. The parties thereupon made an agreement by which certain copper was to be transferred by the defendants to the plaintiffs, and the proceeds on sale to the amount of $5743.08 retained by the plaintiffs, and the surplus paid to the defendants and the acceptances delivered up. This arrangement was to be in full satisfaction of the debt, except that in case of future ability the defendants were to pay the further sum of $3,500, which was less than the balance of the original indebtedness. *Held,* that this was a new contract, by which the original indebtedness was wholly discharged.

    A recovery cannot be had for a breach of such new contract in an action on the original cause of action.

*Subsequent ability, evidence of, when relevant.* Evidence of subsequent ability could only be relevant under a declaration upon the new contract, and a failure to perform the new contract could not revive the old one.

*Irrelevant testimony, when cause for reversal of judgment.* The admission of irrelevant testimony is a cause for reversing the judgment on a bill of exceptions, whenever its tendency would be to embarrass or mislead the jury.

*Objection to testimony. Waiver.* The objection to irrelevant testimony may be made at any stage of the cause. There can be no waiver which can make it proper to allow a case to be decided on issues not authorized by the pleadings, and the objection is never too late.

    A motion to exclude from the jury such testimony, contained in a deposition, being overruled, is ground of exception.

*New trial.* A decision overruling a motion for a new trial, cannot be reviewed by this Court.—*Cuddy v. Major,* 12 *Mich.* 368.

*Heard April 25th, 26th and 27th. Decided May 1st.*

Error to Wayne Circuit.

The facts are stated in the opinion. Judgment was rendered for plaintiff below for $4637.50.

*A. W. Buel & D. C. Holbrook*, for plaintiff in error.

1. The old contract being discharged, the plaintiffs below should have declared upon the special agreement.

A substituted contract is a valid defense, and this proves the necessity of declaring upon it.—5 *Ham.* 375 ; 29 *Barb.* 156.

The cross-interrogatory put to the witness Oat, and his answer thereto, should have been excluded from the jury for irrelevancy and incompetency.

This evidence had no relevancy to, or bearing on the issue; it related to a period of time eight months after commencement of the suit; and it was calculated to confuse and mislead the jury.

The first rule governing the production of evidence is, that it must correspond with the allegations, and be confined to the issue.—1 *Greenl. Ev.* § 51.

The relevancy of evidence depends on the issue to be tried. 10 *Mich.* 155.

As to the time of making objection, it comes in season, if made as in this case, at the close of the testimony, before the arguments of counsel.

The true principle on which irrelevant testimony is to be excluded, is not that one of the parties must or does object, or that it is excluded in favor of, or against either party, but that it does not relate to the issue, and therefore should not be left to confuse or mislead the jury. It is even the duty of the Court to exclude it, though not objected to by either party.

We claim the general rule to be that any testimony once introduced and afterwards found to be irrelevant, is subject to be objected to and excluded, on the motion of either party.— 1 *Greenl. Ev.* § 51 *a.*

*J. P. Whittemore*, for defendant in error.

1. The performance of the agreement, proved by defendants at the trial, was to be satisfaction of plaintiff's demand except,

in case of ability, or of assets after paying the other debts, the balance of the debt was to be paid. Unless the defendants below showed the plaintiff's debt discharged, or at least suspended till after suit brought by the agreement relied upon, the debt must remain unaffected by it.

2. The question to the witness, Oat, was relevant to the issue; as to whether the company was able, and whether it had anything left of the assets on hand, when the agreement which the defendant relied on was made; and to which issue the direct evidence of this witness had been given.

It was also pertinent to the question, whether the valuation on re-organization was real or nominal, as had just been stated by the witness.

CAMPBELL J.

Plaintiffs in error were sued upon the common counts for goods, &c., furnished to the Northwest Mining Company, a corporation with which they are admitted to be legally identical; the old company having become re-organized under a new name. They pleaded the general issue, and gave notice that the account originally existing had been adjusted by a new arrangement, which will be presently referred to.

Upon the trial plaintiffs below gave proof of a claim for goods furnished, amounting on the 19th day of June, 1861, to $9378.28, for which they held the Northwest Company's five acceptances, payable at different times thereafter.

The defendants below then introduced evidence of an agreement, made June 19th, 1861, whereby it was agreed between the parties that the Northwest Company, which claimed to be insolvent and unable to pay its debts in full, should assign to Brady & Co., (the plaintiffs below,) certain copper which the latter were to receive and sell, and from the proceeds retain $5743.08, and surrender said acceptances, and remit any surplus to said company; that the necessary transfers were made, and Brady & Co. received the copper under the agreement, *and this was to be in full satisfaction and*

*payment of said debt; except* "*that in case the company should have anything left after settling their debts, or was ever able,* they would pay the plaintiffs $3500, the amount of loss sustained by S. P. Brady & Co. on the settlement."

Brady & Co. received and sold the copper, paid over the surplus beyond what was to be retained by them, and gave up the acceptances.

Upon the trial the deposition of one George R. Oat was introduced, and the direct examination tended to prove the re-organization, and what property the old company held and transferred to the new one. He was asked on cross-examination the following question: "Give your opinion of the present value of that property?" (meaning the mineral lands of the defendant). He answered this by saying that the stock had sold within a week for $30\frac{1}{4}$ dollars per share, which would make the entire value of the stock $605,000, and that he thought the property worth more than the present value of the stock. Before the case was argued to the jury, the counsel for the defendants below moved to strike out this testimony and exclude it from the jury, which motion was denied, and an exception was taken, which is the only exception appearing on the record.

A motion was made for a new trial, on several grounds, and the overruling of this motion is assigned as error. It is very well settled that we cannot review such a decision. (*Cuddy v. Major*, 12 *Mich.* 368.) The only question which we can consider in the present case is the one presented by the bill of exceptions. The action was brought and judgment was recovered solely upon the original cause of action for goods sold. It is very clear that upon such an issue it could in no way concern the merits of the controversy, whether the parties sued had or had not property of greater or less value. Testimony concerning such property would be entirely irrelevant, but, if there were no other matters under inquiry, would perhaps do no harm. There was, however, in the present suit, evidence before the jury of an agreement whereby the mining

company were bound to pay money, in case they should become able, and whereby their liability to pay anything whatever ceased to exist until such ability. This evidence of the value of property was pertinent only to show that such ability existed. If this issue of ability or non-ability could be properly tried under the pleadings, then the testimony was proper. If it could not, then the testimony was improper, because it tended to establish a liability beyond the cause of action declared on. It appears, and is not denied, that the judgment was rendered upon this, or similar proof, and could not have been given without it. We must therefore determine whether it was properly allowed to go to the jury.

It is claimed by the defendants in error that the agreement of June 19th operated only as a suspension of liability under the original debt, and that upon the mining company's becoming able to pay the balance, it became due as a part of the existing claim. The plaintiffs in error insist that the new agreement entirely superseded the old one, and that, after June 19th, 1861, if they were ever liable at all, it was to pay the specific sum of $3500, as soon as able, under the contract of that date. We think this latter view is correct. The new agreement in express terms put an end to the old liability. The sum payable on the contingency of future ability was a less sum than the balance remaining after retaining the sum to be raised from the copper, and could not be subject to interest until after a new default to pay when able. The legal effect of this arrangement was beyond doubt to destroy the old debt entirely. It was argued, however, that a failure to perform the new contract revived the old. There is no authority or reason for any such doctrine. When a contract is broken an action lies for the breach, but it affords no ground for rescinding the agreement. And if Brady & Co. desired to recover the $3500, they should have sued upon the new undertaking.

It was claimed that this case was analogous to those where suit is brought on debts which have been renewed after bankruptcy, or after they have become barred under the statute of

limitations, and where, after the defense has been set up by plea, the new promise is sometimes allowed to be introduced under a replication. Those cases are anomalous; but, even under that rule, there must be a new promise to pay the same debt, and it really amounts to no more in substance than an agreement not to set up a statutory defense. The present agreement is in no sense one to pay an existing debt. It is a promise to pay a different amount, and is connected with a transfer of chattels, under an express agreement that the old debt shall be considered satisfied and paid. The original claim having ceased to exist by this arrangement, the proof of the latter was an absolute bar to an action on it; and an attempt to prove in such a suit a liability under any other, entirely independent contract would have been just as pertinent as the proof of the new agreement in question. A declaration on one contract cannot be made out by proof of another, however closely the two may have been connected.

We think the Court erred in allowing proof of this second and substituted liability to go to the jury. And we think, also, that the objection was properly taken. It is not proper to allow irrelevant testimony to be considered, where it can at all tend to embarrass the cause, or mislead the jury; and it should always be excluded from their consideration whenever called to the notice of the judge. There can be no waiver which can make it proper to allow a case to be decided on issues not authorized by the pleadings, and the objection is never too late.

The judgment must be reversed, with costs, and a new trial must be granted.

The other Justices concurred.