HOSKEN *v.* CARR.

PLEADING—ISSUES—EVIDENCE ADMISSIBLE.
> Under a declaration on the common counts in assumpsit and a
> bill of particulars stating an account between the plaintiff
> and defendant for items furnished defendant, evidence of
> an account for items furnished defendant's deceased husband,
> and that defendant promised that, if plaintiff would make no
> expense and would release the estate, she would pay the bill,
> is inadmissible.

Error to Jackson; Parkinson, J. Submitted January
23, 1907. (Docket No. 96.) Decided March 26, 1907.

Assumpsit by Fuller H. Hosken against Frankie J.
Carr for goods sold and delivered. There was judgment
for plaintiff, and defendant brings error. Reversed.

*John W. Miner* (*Grove H. Wolcott,* of counsel), for
appellant.

*William K. Sagendorph,* for appellee.

MONTGOMERY, J. This action was instituted in justice's
court. The declaration was on the common counts in as-
sumpsit. A bill of particulars was filed which stated an
account between the plaintiff and defendant for items fur-
nished in connection with putting down a well amounting
to $115, upon which a judgment of $25 was credited. On
the trial it appeared that these items were furnished to
Charles Carr (defendant's husband) in his lifetime. The
plaintiff was permitted to show that the well was put down
on a farm owned by the defendant and her husband as
tenants by the entirety, that shortly after the indebtedness
was incurred Charles Carr died, and that a few days later
the defendant promised plaintiff that, if he would make
no expense and would release the estate, she would pay

the bill. All this testimony was introduced over defendant's objection and exception. The plaintiff recovered, and defendant brings error.

The common counts were by the bill of particulars limited, in effect, to counts for goods sold and delivered to defendant and work and labor performed by plaintiff for defendant. The pleadings contained no suggestion of a claim that by a new contract the defendant had made herself liable to plaintiff for goods before then sold to another. The contract sued upon and the one upon which recovery was had were quite different. There was no offer to amend the declaration or bill of particulars, but recovery was had upon the pleadings as they stood. In these circumstances we cannot ignore the objection. The evidence was not admissible under the pleadings. 1 Chitty on Pleadings (16th Am. Ed.), p. 357; *Pennsylvania Mining Co.* v. *Brady*, 14 Mich. 260.

Judgment reversed, and new trial ordered.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.