HENRY *v.* HOBBS.

1. DAMAGES—SALES—MARKET PRICE.

 The damages for breach of warranty of apples sold by defendant to plaintiff was correctly stated by the trial court, in charging the jury, to be the difference between the value of the apples as they were warranted to be, and as they actually were.

2. SAME—PLACE OF DELIVERY—WARRANTY OF QUALITY.

 It was error to permit the jury to find that the place of delivery of the apples was in South Dakota, in which State plaintiff was engaged in business, where the testimony showed that the contract provided for delivery f. o. b. Williamsburg, Michigan, from which point they were shipped by plaintiff's agent to him.

3. SAME—SPECIAL DAMAGES—ASSUMPSIT.

 Unless information was imparted by plaintiff to defendant at the time the contract was made, that the apples were to be shipped to South Dakota, or that the plaintiff desired them for a particular market, or that he had contracted to sell them for a particular price, he could not recover special damages, based on such facts, for a breach of warranty.

Error to Grand Traverse; Mayne, J. Submitted January 6, 1911. (Docket No. 39.) Decided March 31, 1911.

Assumpsit by Horace E. Henry against Herschel L. Hobbs for breach of warranty of a quantity of apples. Judgment for plaintiff. Defendant brings error. Reversed.

*Parm C. Gilbert,* for appellant.

*Pratt & Davis,* for appellee.

BIRD, J. This is an action of assumpsit, based upon defendant's alleged warranty of the quality of several hundred barrels of apples, which he sold and delivered to plaintiff in November, 1907. Plaintiff recovered a judgment of $500, and defendant assigns error thereon.

Plaintiff resides in Britton, S. D., and through Mr. Ralph White, of Williamsburg, this State, he learned defendant had apples for sale. He came to Williamsburg and examined them. Two hundred barrels were packed. He opened and examined such barrels as he chose and likewise examined the unpacked ones. He purchased them at $3.50 per barrel, to be delivered f. o. b. Williamsburg. The plaintiff claims that the defendant warranted that the apples should be "straight packed and to be strictly 'ones' and 'twos,' and if they were not right he would make them so." The apples were shipped to Britton, S. D., and other points in the immediate vicinity, and some of them were not opened until the following February. When opened they were found to be below the grade agreed upon, and had to be sold at a reduced price, and some were worthless and had to be thrown away.

The defendant denies that he warranted the apples. His version of the sale is that plaintiff came and examined the apples, and while examining the unpacked ones he remarked that if he purchased them the defendant would have to use more care in packing the balance of them, to sort out the defective and undersized ones. Before returning to his home, plaintiff arranged with Mr. White to ship the apples to him and make payment therefor.

The chief dispute arises over what was the proper measure of damages. The court instructed the jury upon the question of damages as follows:

"The plaintiff, if you find him entitled to recover, would be entitled to recover the difference between the value of the apples at the time and place of delivery and the value as they actually were; that is, the value of the apples at the same time and place, had they been according to the terms of the contract. That is the measure of damages—the difference between the apples as they actually were at the time and place of delivery and what they would have been, had they been in accordance with the contract. The terms of the contract you must find from the evidence. The place of delivery you must find, in order to find a verdict for the plaintiff, to be in Dakota.

If you find, gentlemen, in accordance with the contentions of the defendant, then your verdict will be, no cause of action. If, on the other hand, you find in accordance with the claims of the plaintiff, then your verdict must be such a sum as will represent the difference between the value of the apples at the time and place of delivery, namely, in Dakota, the value of the apples at the same time and place, had they been of the kind and quality provided for in the contract."

Error is assigned upon that part of the instruction which left it to the jury to determine whether the place of delivery was in Williamsburg or in South Dakota. Defendant insists that the undisputed testimony shows that the contract called for a delivery of the apples on the cars at Williamsburg, and that there was no testimony from which the jury could find that the apples were to be delivered to plaintiff in South Dakota. The trial court correctly stated the rule of damages applicable to the case. 30 Am. & Eng. Enc. Law (2d Ed.), p. 209; 1 Mechem on Sales, § 652; *McKercher* v. *Curtis*, 35 Mich. 478; *Maxted* v. *Fowler*, 94 Mich. 106 (53 N. W. 921); *Jackson Sleigh Co.* v. *Holmes*, 129 Mich. 370 (88 N. W. 895).

But we think he was in error in permitting the jury to find that South Dakota was the place of delivery. The apples were delivered to Mr. White, the agent of plaintiff, at Williamsburg. Mr. White shipped them to the plaintiff. The plaintiff paid for the apples through Mr. White. The plaintiff's own testimony showed that the apples were to be delivered to him f. o. b. Williamsburg. The defendant corroborated the plaintiff on this point. We have searched the record in vain to find any testimony which would justify the court in permitting the jury to find that the delivery was to be made in South Dakota. The jury should have been instructed that the delivery was to be made at Williamsburg.

It is urged by plaintiff's counsel that South Dakota should be taken as the basis in estimating the damages, because the defendant was informed that the apples were to be shipped there. The law permits the ordinary rule

of damages to be enlarged so as to include special damages, where the circumstances surrounding the making of the sale were such that it can be said the parties contemplated such damages in the event of a breach. The law relating to such damages is well stated in *Clark* v. *Moore*, 3 Mich. 55, and approved in *Cuddy* v. *Major*, 12 Mich. 368, where it is said:

" To create such extraordinary liability, there must, in every case, be something in the terms of the contract, read in the light of surrounding circumstances, which shows an intention on the part of the vendor to assume an enlarged engagement, a wider responsibility than is assumed by the vendor in ordinary contracts for the sale and delivery of merchandise."

We do not think, however, that the facts as they appeared in this case would justify an enlargement of the rule. It appears that the defendant knew that the apples were to be shipped to South Dakota, but it does not appear that the plaintiff informed him of the fact. The defendant was not informed that the apples had been resold, or that the plaintiff desired them for any particular market, or for any special purpose, or that he had contracted to sell them for any particular price. Unless information of this character was imparted by the plaintiff to the defendant at the time the contract was made, the rule of special damages could not be lawfully applied. 2 Mechem on Sales, §§ 1761, 1762; 30 Am. & Eng. Enc. Law (2d Ed.), p. 216.

There are many other errors assigned, but nearly all of them relate to the question of damages. As the case must be reversed on this ground, we think it unnecessary to discuss the other assignments.

The judgment of the trial court is reversed, and a new trial ordered.

Ostrander, C. J., and Hooker, Blair, and Stone, JJ., concurred.