GALINSKI v. THOMAS

1. DAMAGES—SALES—CONTRACTS—MARKET PRICE.
    The measure of damages for failure to deliver cattle pursuant to a contract of sale, was the difference between the contract price and the market price at the time and place of delivery, although the buyer had mentioned the

fact that he intended to ship them to another market, not notifying the seller what purpose he intended them for or anything about the price he was to receive.

2. SALES—MARKET—EVIDENCE.

Testimony that plaintiff bought other cattle at the point of delivery in place of those which defendant did not deliver, that the railroad maintained stockyards there, that one of the witnesses had conducted a meat market there and bought and sold beef cattle, had a tendency to establish the existence of a market at the point of delivery: the court erred in charging that the measure of damages depended on the difference between the contract price and the value at the point to which plaintiff intended to ship the cattle.

Error to Leelanau; Mayne, J. Submitted April 17, 1913. (Docket No. 83.) Decided March 26, 1914.

Assumpsit by Wolfe Galinski against Richard Thomas for breach of contract. Judgment for plaintiff. Defendant brings error. Reversed.

*C. L. Dayton*, for appellant.

*John O. Duncan*, for appellee.

BIRD, J. Plaintiff instituted this suit to recover damages for the failure of defendant to deliver to him at Northport certain beef cattle which he had purchased of him and made a partial payment thereon. The parties are agreed as to the stipulations in the contract, save in one particular, and that was as to the time of day the cattle were to be delivered at Northport. Plaintiff's understanding was that they should be delivered on Saturday, while defendant's memory was that they should be delivered Saturday forenoon. Defendant delivered them Saturday forenoon, but plaintiff was not at Northport to receive, weigh, and pay for them, so defendant started for home with them, but sold them to another before he reached there. This question of fact between them

was decided by the jury in favor of the plaintiff. The defendant assigns error, and the important question presented is whether the trial court gave to the jury the proper rule of damages. The jury were instructed that, if they found for the plaintiff, the measure of damages would be the difference between the contract price and the price of dressed beef at Petoskey, less the cost of transportation from Northport to Petoskey.. The defendant insists that this was not the proper rule, but that the general rule should have been given, namely, the difference between the contract price and the market price at the time and place of delivery.

The defendant is right in his contention, unless there was evidence of facts and circumstances which took it out of the general rule. The declaration averred that plaintiff's business was that of buying cattle, shipping them to Petoskey, and slaughtering and selling them to certain customers. Plaintiff was permitted, over defendant's objection, to support these averments by proof. These averments and proofs would have no force and would be immaterial unless the facts were communicated to defendant at the time the contract was made. 2 Mechem on Sales, §§ 1761, 1762; 30 Am. & Eng. Enc. Law (2d Ed.), p. 216; *Clark v. Moore*, 3 Mich. 55.

Both plaintiff and defendant agree that the only statement made by plaintiff when he contracted for them was that he was going to ship them to Petoskey. He said nothing about slaughtering them, nothing about selling them to camps, and nothing about receiving any particular price, and defendant testified that he did not know plaintiff at that time, and did not know that he was engaged in such business. The statement that he was going to ship them to Petoskey appears to have been made incidental to his statement that he was going to ship them on Monday, and there-

fore wanted them at Northport on Saturday. In view of this, we think there was nothing communicated to defendant at the time the contract was made which would enlarge the rule of damages or take it out of the general rule. *Clark* v. *Moore, supra; Cuddy* v. *Major,* 12 Mich. 368; *Henry* v. *Hobbs.* 165 Mich. 183 (130 N. W. 616).

But it is argued that there was no market price at Northport. Had this been satisfactorily shown, it would have been proper to have shown what the market price was for such cattle at Petoskey, and then deducted the cost of transportation. The statement that there was no market price at Northport is based upon the plaintiff's evidence that he did not know what the market price was, although he admitted upon cross-examination that, after he knew that the cattle in question were not going to be delivered, he bought other cattle. It was also in evidence that the railway company maintained stockyards at Northport, and that they were used by plaintiff on this occasion. And, further, it was shown by the witness Selig that he was running a meat market in Northport and had been in the business for 25 years, and during that time had bought, slaughtered, and sold beef cattle. We think the record fairly shows that there was a market price for such cattle at Northport.

There are some other assignments of error; but, as they are closely allied to the one we have discussed, we think it will be unnecessary to consider them. The judgment must be reversed, and a new trial granted.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.