AMERICAN NATIONAL BANK *v.* BARLEY.

SALES—SPECIAL DAMAGES—NOTICE.
> In an action for the balance due on the purchase price of automobile frames sold by plaintiff to defendant and shipped by plaintiff contrary to defendant's orders, evidence offered by defendant that he thereby suffered special damages in their resale was properly rejected by the trial judge in the absence of proof that defendant disclosed to plaintiff, at the time the contract was made or before, that his purchase was made for the purpose of resale.

Error to Kalamazoo; Weimer (George V.), J. Submitted April 27, 1922. (Docket No. 42.) Decided July 20, 1922.

Assumpsit by the American National Bank against Albert C. Barley for goods sold and delivered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Harry C. Howard,* for appellant.

*Mason & Sharpe,* for appellee.

BIRD, J. The American National Bank of Nashville, Tennessee, was the owner of certain assets of the defunct Marathon Motor Works, and among them were 125 large automobile frames and 440 small ones. Defendant was engaged in manufacturing automobiles and he learned that these frames were for sale. He opened negotiations with plaintiff and finally closed a deal by wire on April 14, 1917, whereby he was to pay plaintiff $3 each for the large frames and $2 for the small ones. He paid $100 on the purchase price and agreed to pay the balance, and move the

frames within 4 months from the date of purchase. A month later defendant ordered the long frames shipped to the Halladay Motor Car Company at Mansfield, Ohio. He paid for these, but refused to pay for the short frames. This suit was begun to recover the balance due on the contract price of the short frames and for the additional amounts it had advanced for storage and freight. Defendant refused to pay for the short frames on the ground that plaintiff did not observe his shipping instructions. He concedes that he ordered plaintiff to ship the long frames to the Halladay Motor Car Company, but he asserts that he gave no shipping instructions as to the short frames. Plaintiff, however, shipped the short, as well as the long, ones to the Halladay Motor Car Company, and they were refused by that company. The short frames were then placed in storage at Mansfield for a time and finally sold for freight and storage charges. Defendant claims damages by reason of plaintiff's error in shipping the short frames to Mansfield and he sought in this action to recoup his losses against plaintiff's claim. Plaintiff was successful on the trial and defendant assigns error.

It is the position of defendant that the trial court was in error in refusing to allow him to make proof of his special damages and in refusing to submit the case to the jury on his theory of special damages. The record shows that the contract was made by wire and closed on April 14, 1917. A month later defendant went to Nashville and inspected his purchase and at that time disclosed to plaintiff that he had purchased the frames for resale to the Halladay Motor Car Company, a new automobile company, and that it would not do to ship them too rapidly, and requested plaintiff not to ship the short frames until later when it should be advised. At that time plaintiff was given instructions to ship the long frames to the Halladay

Motor Car Company at Mansfield and requested not to disclose to that company the sale price. In disregard of these instructions the short frames were sent forward and refused by the Halladay company. It is counsel's position that this premature shipping created a situation in the financial affairs of that company by which he lost the benefit of an advantageous sale.

Such damages as these are special damages recoverable if the proper foundation is laid when the contract is made. In order to recover such damages the buyer must disclose to the seller that he is purchasing for resale or for a particular market or for some special purpose, or that he has contracted to sell them at a particular price. In other words, the special circumstances upon which he relies for recovery must be disclosed to the seller at the time the contract is made. When this is done such damages are assumed to be within the contemplation of the parties. *Clark* v. *Moore,* 3 Mich. 55; *Cuddy* v. *Major,* 12 Mich. 368; *Henry* v. *Hobbs,* 165 Mich. 183; *Galinski* v. *Thomas,* 178 Mich. 589; *Solomon* v. *Richardson,* 207 Mich. 415.

There is no serious disagreement between counsel that this is the rule with reference to special damages, but plaintiff asserts that defendant has not brought his case within this rule by disclosing to plaintiff the special circumstances at the time the contract was made, and many authorities are cited which hold that this is an important element that the disclosures must be made at or before the time the contract is made. The Michigan cases heretofore cited are cited again in support of this proposition.

"Unless information of this character was imparted by the plaintiff to the defendant *at the time the contract was made,* the rule of special damages could not be lawfully applied. 2 Mechem on Sales, §§ 1761, 1762; 30 Am. & Eng. Enc. Law (2d Ed.), p. 216." *Henry* v. *Hobbs, supra.*

"Damages arising out of the special circumstances surrounding the contract and different from those which would naturally and probably flow from the breach of such a contract may be recovered, where it is shown that *at the time of making the contract* the defaulting party had knowledge of such special circumstances. In the absence of proof of knowledge of such special circumstances by the defaulting party *at the time the contract is entered into,* only the amount which would arise generally and in the great multitude of cases not affected by any special circumstances from such a breach of contract may be recovered. In order that knowledge of such circumstances may increase the liability arising in the case of a breach of the contract it must have been brought home to the parties sought to be charged under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it. Mere notice, as such, does not have the effect of rendering a party liable to any more than ordinary damages and obviously notice given after the contract is made is not sufficient." 17 C. J. p. 746.

"When a defendant has been notified before entering into the contract in question of facts indicating that unusual damage will follow or may follow his failure to perform his agreement, he is liable for such damages." 3 Williston on Contracts, p. 2405.

Again, at page 2421, the author says:

"No doubt notice subsequent to the formation of the contract, though prior to the breach, is insufficient. * * * It seems generally held that notice prior to the formation of the contract is sufficient to charge the defendant with the damages which might naturally be foreseen as a consequence of the breach by one having such notice, without other evidence of a promise to assume liability for unusual consequences."

At the time the contract in question was made, on April 14th, nothing was disclosed to the plaintiff in the nature of special circumstances. The plaintiff might well have assumed that the defendant, who was

an automobile manufacturer, was buying them for his own use.   One month later defendant went to Nashville and then disclosed the special circumstances upon which he relies.   We think, under all the authorities that we have examined, that this was too late. The foundation must be laid either before or at the time the contract is made.   Under this view, the court was not in error in refusing to receive testimony of the special damages.   Neither was it in error in refusing to submit defendant's case to the jury on the theory of special damages.

The judgment of the trial court will be affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, MOORE, and STEERE, JJ., concurred.   CLARK and SHARPE, JJ., did not sit.